ROLLINS, Respondent, v. CLAYBROOK, Appellant.

1. Where a written memorandum of a contract of sale does not purport to be a complete expression of the entire contract, and is uncertain as to the property sold, this may be designated by parol evidence.
2. Money paid upon a contract which the other party fails to perform, may be recovered back as a part of the damages for the non-performance, without a demand.

*Appeal from Moniteau Circuit Court.*

Action brought by Rollins against Claybrook, for the breach of a contract stated in the petition to be for the sale of " a certain lot of pork hogs, which the defendant then had up fattening, which were to weigh in the whole not less than four thousand pounds."

The purport of the petition and answer, and of the evidence offered at the trial, is sufficiently stated in the opinion of the court, and it is only necessary to add the written memorandum of the contract, which was as follows :

" Hogs bought of G. Claybrook Nov. 12, 1852.

" To weigh 200 lbs., $3 85 per 100 lbs.; over 175 lbs., $3 60 per 100 lbs.; under 175 lbs., $3 50 per 100 lbs., with privilege of delivering from 4 to 10,000 lbs.; and also privilege of delivering at Sandy Hook, at $3 50, $3 75 and $4 per 100 lbs.; and I have also paid said Claybrook $20 to bind said contract, &c.—to be delivered within 1st of November, 1852, and 1st of February, 1853.

" DAVID E. G. ROLLINS."

The defendant, after verdict and judgment against him, appealed to this court.

*Gardenhire,* for appellant. 1. The written contract was for " from four to ten thousand pounds," saying nothing at all about hogs fattened by defendant or their minimum value, and of course not binding defendant to deliver any particular lot of hogs. To allow these things to be added by parol was manifest error. (8 Mo. 391.) 2. The money paid could not be

recovered back without a previous demand. (16 Mo. 528; 18 Mo. 154; ib. 375; 19 Mo. 467.)

*E. L. Edwards*, for respondent. The evidence was properly admitted, as it was not offered to alter, or in any manner change the contract, but to show what particular hogs were bought. (Smith on Con., marginal p. 29, 30, top p. 94.)

LEONARD, Judge, delivered the opinion of the court.

The plaintiff seeks to recover damages for the non-delivery of a specific lot of hogs, bought of the defendant, and which the latter engaged would weigh four thousand pounds; and states that he paid the defendant twenty dollars, and made and signed a memorandum of the contract, which he delivered to the defendant. The latter admits in his answer the making of a contract as specified on the written memorandum; but insists that it was a contract for the sale of pork by the quantity and not of a specific lot, and that within the time allowed for that purpose he tendered part of the quantity, and would have paid the whole, but the plaintiff refused to receive it. Upon the trial, the written memorandum was read in evidence, and the plaintiff was allowed to prove, by parol, that " the defendant sold a specific lot of hogs, in his pen, fattened by himself, and that the plaintiff was to receive no hog weighing less than one hundred and fifty pounds," and then gave evidence that the defendant had disposed of this lot elsewhere. No evidence of the demand of the twenty dollars was given, and the plaintiff, under instructions from the court, had a verdict for thirty dollars.

The only matters now material to the defendant are, the admission of the parol evidence, as to the contract, and the instruction allowing the plaintiff to recover the twenty dollars without a previous demand. Written instruments, executed by the parties themselves, are, in their very nature, most trustworthy evidence of what the parties have transacted. It is their own testimony, that they have furnished against themselves, and, of course, it can not be said of it, as of a witness, that it

Rollins v. Claybrook.

misrepresents either through ignorance, negligence or design ; and being permanent and not subject to decay, like the memory of a living witness, it continues to be a faithful memorial of the transaction, no matter what length of time may have since intervened.  This superiority of written over oral evidence has induced the legislature to require certain contracts—some on account of the value involved, and others on account of their peculiar nature—to be authenticated by a written instrument ; but whether a writing be adopted as the repository of the contract, either by command of the law or by the agreement of the parties, the same rule prevails as to the exclusion of parol evidence.  If the instrument import a legal obligation, without uncertainty as to the object and extent of the engagement, it is conclusively presumed that the whole engagement of the parties was reduced to writing, and no cotemporaneous parol evidence is admissible to change the contract, by altering or expunging any of its provisions, or by adding new ones to it. When the written agreement is required by law, this rule is necessary to make the statute effectual ; and when the parties themselves have adopted one to express their contract, because they are unwilling to trust to the memory of witnesses, the same rule is necessary to carry out their intention.  (Rutland's case, 5 Co. Rep. 26 ; Stackpole v. Arnold, 11 Mass. 29–30 ; Smith v. Williams, 1 Murphy (N. C.) Rep. 430.)   But this does not apply where the writing is imperfect, and does not import a complete expression of the entire contract.   (2 Phil. Ev. 772, 8th Lond. ed. ; 1 Greenl. Ev. § 284, a. ; 3 Cow. & Hill's notes to Phil's Ev. 1471–72, and cases there cited ; Jeffry v. Walton, 1 Stark. R. 113.)   The last case was an action for an injury to a horse hired by the defendant.   At the time of hiring, a written memorandum was made to this effect : " Six weeks, at two guineas.   W. Walton."   And it was verbally agreed that the defendant should be liable for all accidents. This evidence was objected to, but received by Lord Ellenborough, who said, " The written agreement merely regulates the time of hiring and rate of payment, and I shall not allow any

evidence to be given by the plaintiff in contradiction of these terms ; but I am of opinion it is competent for the plaintiff to give in evidence suppletory matter as part of the agreement." The present case is, we think, of the same character.   We pass by the fact that the writing was not in any way authenticated by the defendant, so as to make it a written contract on his part, excluding parol evidence, (Tesdale v. Harris, 20 Pick. 12), and was only evidence against him on account of his reference to it in his answer as containing the terms of the agreement, and will consider the matter as if the writing had been signed by him.   If we read it without the clause, " with the privilege of delivering four to 10,000 pounds," there is no undertaking by the defendant to deliver any specific lot of hogs, or any definite quantity of pork, and the paper, in that shape, is only a memorandum of the price and the time of delivery ; and we do not think the introduction of this clause had any effect, other than that for which it was introduced, to secure to the seller the privilege of delivering, at the same price and time, any quantity of pork not exceeding six thousand pounds over and above the hogs he had sold to the plaintiff, and was, of course, bound to deliver.   The instrument, when read as it stands, does not import in itself a legal obligation on the defendant to deliver four thousand pounds of pork to the plaintiff, although it is to be inferred, from reading it, that there was some engagement between the parties not merged in the writing, from the delivery by the defendant of a specific lot of hogs that it was thought would come up to that quantity, or to deliver that quantity by weight.   The writing, at the utmost, was only an imperfect instrument of contract on the part of the defendant, and certainly does not import an obligation on his part, as to the property to be delivered, with that degree of certainty that is necessary in order to exclude parol evidence in relation to it.

As to the demand of the twenty dollars, we need only remark that this suit was for the breach of an existing contract, in the part performance of which the plaintiff had paid the money, and which, upon a breach of it, he would be entitled to

recover back, in the shape of damages, for the non-delivery of the pork, and we must suppose that it was so allowed here by the jury, and, of course, no error has been committed in this matter to the prejudice of the defendant.

Judge Ryland concurring, the judgment is affirmed.