Hall v. Adkins.

AARON HALL, Respondent, *vs.* ALBERT C. ADKINS, Appellant.

1. *Larceny—Taking away of property by one in lawful possession at the time.*— Where one is lawfully in possession of land on which a crop of corn is grown, and by the terms of his lease is to gather the corn and garner it as security for payment of the rent, the taking away of the corn by the lessee and appropriation thereof to his own use, is simply a breach of trust, and not larceny. That offense cannot be committed in respect to property at the time in the lawful possession of the accused. In every larceny there must be a trespass.

2. *Larceny—Intent must be determined by jury.*—The intent with which property is taken is a question for the jury.

3. *Slander, action for—Words charged, accompanied by statement of circumstances, etc.*—The words, "A. B. is stealing my corn," are in themselves ac-. tionable as slanderous, and malice will be presumed without proof. But where it appeared that the speaker honestly believed that the circumstances attending the taking of the corn constituted larceny, and without malice uttered the words only to those to whom he communicated the facts in his opinion constituting the larceny, he will not be held liable for slander.

*Appeal from Andrew Circuit Court.*

*Heren & Strong*, for Appellant.

I. The intent with which property is taken is always a question for the jury. (Thatch. Crim. Cas., 480, 484 ; State vs. Williams, 35 Mo., 229.) In this case whether the removal of the corn by respondent was a trespass or larceny, depends on the circumstances of the taking and intent with which it was done, and certainly from the evidence in this case, was a question for the jury to pass on.

II. The appellant admits the speaking of the words as charged, but denies their falsity or malice, and pleads the facts, circumstances and occasion under which the words were spoken, in order to justify the speaking. And where the occasion and circumstances seem to justify the charge, a malicious intent is not presumed; and malice in fact is essential to the right of action. (Pasley vs. Kemp, 22 Mo., 412; Weaver v. Hendrick, 30 Mo., 502 ; Atterbury vs. Powell, 29 Mo., 433.)

*Allen H. Vories*, for Respondent.

I. The words charged in the petition are actionable *per se.*

II. Plaintiff could not have been guilty of larceny, as he could not steal his own corn.

III. The principle of the law, as declared in the case of Pasley vs. Kemp, (22 Mo., 411, 412) has no application. For two of plaintiff's witnesses prove that the charge of stealing was made without any explanation or any statement.

HOUGH, Judge, delivered the opinion of the court.

This was an action for slander. The defamatory words charged to have been spoken by the defendant of the plaintiff, were: " He is stealing my corn ; Aaron Hall, (plaintiff meaning) stole my corn and is swindling me, and the neighbors are helping him do it."

The defendant admitted in his answer the speaking of the words charged; denied that the same were maliciously spoken ; and pleaded in justification the truth of the words spoken, and in mitigation of damages, the facts and circumstances relied upon to constitute said stealing, and a reference by him to such facts and circumstances at the time of speaking the words.

The plaintiff replied, denying the facts relied upon to constitute the larceny charged ; and averred that no explanation was made by defendant of the words charged at the time they were spoken, and that no reference was made by defendant to the facts and circumstances relied upon by him to constitute the larceny charged.

It appears from the testimony that the defendant leased to the plaintiff and one John Hall, jointly, a tract of land in Andrew county, from the 3d day of August, 1871, to the 1st day of March, 1873, on which a crop of corn was to be grown by the plaintiff and John Hall, they, in addition to other stipulations on their part, agreeing to pay defendant, on or before January, 1st, 1873, or before, if the crop was sooner sold, $475 in money for the use of the land and other benefits conferred by the lease, " the crop to be security for the payment of said sum, and to be gathered and penned on the premises on or before December, 1st, 1872."

It further appears, that the plaintiff and defendant had an interview, in which plaintiff proposed to provide other security for the rent, so that he might dispose of the corn, but failed to do so ; and afterwards told several parties that he and defendant had had a "fuss," and that he intended to take the corn, and if they saw him taking it to say nothing about it. Before any of the rent was paid a portion of the corn was taken away in the night, without the consent, and against the will of defendant, and used to feed plaintiff's hogs. Plaintiff explained why it was taken in the night; but it is unnecessary to state the explanation here.

The testimony was conflicting as to whether the defendant at the time of speaking the actionable words, communicated to every person to whom and in whose presence he used them, the circumstances attending the taking of the corn by plaintiff.

At the instance of the plaintiff the court gave six instructions, to the giving of which defendant excepted. All of them seem to be unobjectionable, save the 4th, which is as follows : " That there is no evidence before the jury to sustain the defendant's plea of justification in this cause, and at all events their verdict must be in favor of the plaintiff, for such damages as they believe from all the evidence and circumstances in the case the plaintiff has sustained, not to exceed the sum of five thousand dollars."

Nine instructions were asked by the defendant, the 3rd, 6th, 7th, 8th and 9th of which were refused; and defendant excepted. The 3rd instruction simply asserted that the defendant had a special property in the corn, which the court amended by adding in substance, that the property in said corn was in plaintiff and his partner, subject to defendant's claim for rent, and in that shape gave it to the jury. Defendant's 6th and 8th instructions recited the main facts in evidence in regard to the taking and use of the corn and the terms of the lease, and declared the removal and conversion of said corn, if made with the intent to deprive the defendant of his security for the rent or any part thereof, to be lar-

ceny. The 9th instruction is as follows : " If the jury believe from the evidence, that plaintiff and John Hall, by a written contract, had rented land of defendant, and by such written agreement the crop was to be penned on said rented premises and remain a lien for the rent, and that the plaintiff, without the knowledge or consent of the defendant, was secretly hauling off and disposing of said corn, and that the defendant discovered said plaintiff hauling off said corn, and at the time of making such discovery charged and accused the plaintiff with stealing the same, to his face, and gave the circumstances and made the same accusation against the plaintiff, to and in the presence of other persons, giving the circumstances and referring to the same transactions, the plaintiff is not entitled to recover in this action, unless the jury believe from the evidence that the defendant spoke said words with malice, with intent to injure and defame the plaintiff, and not with an honest purpose, believing the words spoken true, and that he had a right to speak said words."

There was a verdict and judgment for the plaintiff, and the case comes here by appeal.

In every larceny there must be a trespass. In this case the plaintiff was lawfully in possession of the land on which the corn was grown ; and by the terms of the lease, was to gather and place it in a pen by December 1st, 1872. The lease evidently contemplated a sale of it by the plaintiff to realize money to pay the rent. The corn was his and in his possession and not simply in his custody. There could be no taking from himself. A man may be guilty of larceny in stealing his own property, when done with intent to charge another person with the value of it ; but it must be taken from the possession of another. (10 Wend., 165.)

The defendant had a statutory and contract lien, but the diversion by the plaintiff of a portion of the corn from the purpose to which he had agreed to apply it, though a wrongful act, was simply a breach of trust which could not render him criminally liable. It constituted no larceny. To this extent the 4th instruction asked by plaintiff was proper ; but

it went further and required the jury to find for the plaintiff, regardless of other facts in the case, which if found by them to exist would have constituted a justification and entitled the defendant to a verdict. These facts, it is true, were pleaded in mitigation only; but the defendant was entitled to their benefit when proven, even though he made an improper application of them in his answer.

The defendant testified, that on every occasion on which he charged the plaintiff with stealing his corn, he stated the circumstances under which it was taken, and referred such charge thereto. This was denied by two of plaintiff's witnesses. Whether he did or not was a question which should have been submitted to the jury.

The words spoken being in themselves actionable, no proof of malice was necessary. The law implied it. But if the defendant honestly believed that the facts and circumstances attending the taking of the corn constituted larceny, and so believing, and without malice, uttered the words charged only to those to whom he communicated the facts in his opinion constituting the crime charged and upon which he based the same, thus sending an antidote along with the poison, and showing a mistaken view of the law, rather than a malicious purpose, the plaintiff cannot recover. (Pasley v. Kemp, 22 Mo., 407.)

From these observations it will be seen that the court erred in giving the 4th instruction for the plaintiff, and in refusing to give the 9th instruction for defendant. The 6th and 8th instructions asked by defendant were properly refused. The 7th instruction, and the modification of the 3d instruction, need not be noticed.

The judgment is reversed and the cause remanded; all the judges concur.