| 78 | 391 |
| 98 | 361 |
| 78 | 391 |
| 42a | 306 |
| 78 | 391 |
| 112 | 524 |
| 52a | 490 |
| 78 | 391 |
| 60a | 142 |
| 78 | 391 |
| 154 | 172 |
| 78 | 391 |
| o97a | 156 |

---

### LASH, *Appellant*, v. PARLIN.

**Statute of Frauds**: INCOMPLETE MEMORANDUM OF CONTRACT: PAROL
EVIDENCE. A memorandum offered in evidence was as follows:
" MESSRS. PARLIN & ORENDORFF :

*Gentlemen :* Please execute the following order for plows, culti-
vators,   *   *   etc., to be delivered on board cars in Chilli-
cothe, Missouri, marked for J. F. Lash

| QUANTITY. | OLD GROUND PLOWS, IRON-BEAM. | PRICE. |
| --- | --- | --- |
| 2. No. 6. | 14-inch cut, medium steel landside....... ............ | $22 00 |

Lash v. Parlin.

3. No 7. Extra. 16-inch cut, medium steel landside, three-
horse........................................... ......................................... 22 00

(and other items of plows in detail.)

CULTIVATORS.

50. Iron-beam, Parlin's patent, with shields....................... 14 50
19. Wood-beam, Parlin's patent, with shields....................... 13 50

For which I agree to give you· my notes payable with exchange,
or by express, prepaid, at above list, for plows—less forty-five per
cent, and payable all January 1st, 1879, with ten per cent interest.
Cultivators, less net per cent, and payable January 1st, 1879, with
ten per cent interest.

PARLIN & ORENDORFF,
Per TAYLOR."

*Held*, that though not a complete and perfect contract, this was a
sufficient memorandum of a contract between J. F. Lash and Par-
lin & Orendorff, so as to be admissible in evidence in an action by
the former against the latter; and that parol evidence was admissi-
ble to explain and apply it to the contract actually existing between
the parties.

When a written memorandum of a contract does not purport to
be a complete expression of the entire contract or part of it only is
reduced to writing, the matter thus omitted may be supplied by
parol evidence.

*Appeal from Putnam Circuit Court.*—HON. ANDREW ELLISON,
Judge.

REVERSED.

*A. W. Mullins* for appellant.

*Chas. L. Dobson* for respondents.

WINSLOW, C.—This is an action for the breach of a
certain contract, or memorandum in writing, alleged to have
been executed by respondents to appellant, a copy of which
will be found set out in the opinion, where it has been
placed for greater convenience of reference. The petition
alleges in substance, that plaintiff was engaged as a dealer
in agricultural implements, lumber, etc., at Linneus, Mis-
souri; that defendants were partners engaged in the manu-
facture of agricultural implements at Canton, Illinois, and

in selling their manufactured goods; that on February 22nd, 1873, plaintiff purchased of defendants goods of their manufacture amounting to $1,131.11; that defendants agreed to deliver said goods, within a reasonable time on board the cars, on the Hannibal & St. Joseph Railroad, at Chillicothe, Missouri, at which place they were then stored; that defendants' agent, at the request of plaintiff, assorted said goods into three lots, one to be shipped to Meadville, one to Linneus and the other to Browning, all in said Linn county; that the said agent, after having so separated and divided said plows and cultivators, boxed up and marked the lot of said goods to be shipped to Meadville, directing the same to B. L. Barbee, at that place, and made arrangements for the shipment of all of said goods; that defendants failed and refused to comply with said contract, but on the contrary, sold and delivered the goods to other parties, without the consent of plaintiff; and that plaintiff is and always has been ready to comply with the terms of said contract.

The answer after admitting the partnership, and denying generally all the other allegations of the petition, states that there was no money or other valuable thing paid as earnest to bind the pretended bargain set out in plaintiff's petition, or in part payment thereon; nor did the buyer accept any part of said goods or actually receive the same; nor was there any note or memorandum of said pretended bargain in writing, made at the time alleged, or subsequently, and signed by the defendants or any person or persons to be charged with such contract or their agents lawfully authorized—to which there was a reply putting the new matter in issue.

On the trial the plaintiff offered an abundance of evidence to prove the allegations of his petition, some portions of which the court admitted and others rejected. It seems that the negotiations began between one Taylor, as the agent of defendants, and plaintiff at Linneus, and were concluded by Taylor and one Coons as the agent of plaintiff

at Chillicothe, where the goods were stored, and that, after everything had been completed, Taylor gave Coons the memorandum sued on to hand to plaintiff to show what the contract was. The memorandum, the original of which is on file with the record here, was executed on a large general printed blank of defendants containing a list of all their goods, which they seem to have furnished their agents for taking orders. There was evidence tending to show a delivery; but both parties seem to have abandoned all other points in the case except the sufficiency of the memorandum, and nothing else need be noticed in the case. When the memorandum was offered in evidence, it was objected to by defendants and excluded by the court, for the following reasons, to which plaintiff duly excepted: (1) That the instrument is wholly unintelligible, and is insufficient in law to take the case out of the statute; (2) That it is void for uncertainty; and (3) That it is not a note or memorandum of the "bargain" or "contract" set out in the petition, within the meaning of the statute against frauds and perjuries, and is otherwise insufficient, incompetent and irrelevant. At the conclusion of the plaintiff's evidence, defendants offered and the court sustained a demurrer to the evidence; whereupon the plaintiff took a non-suit, and now brings the case here by appeal, which he has duly perfected.

The only questions in this case relate to the sufficiency of the following instrument as a memorandum to take the case out of the Statute of Frauds, and the admissibility of parol evidence under it:

"CHILLICOTHE, Mo., February 22nd, 1878.
MESSRS. PARLIN & ORENDORFF, Canton, Ill.:

*Gentlemen:* Please execute the following order for plows, cultivators, * * etc., to be delivered on board cars in Chillicothe, Missouri, marked for J. F. Lash:

| QUANTITY. | OLD GROUND PLOWS, IRON-BEAM. | PRICE. |
| --- | --- | --- |
| 2. | No. 6. 14-inch cut, medium steel landside....... | $22 00 |

3.  No. 7.  Extra.   16-inch cut, medium steel land-
             side, three-horse................................   22 00
5.  A  4.   Wood-beam.   12-inch cut, medium steel
             landside.........................................   14 25
3.  A  6.   Wood-beam.   14-inch cut, medium steel
             landside.........................................   16 75
2.  A  7.   Wood-beam.   16-inch cut, medium steel
             landside, three-horse.........................   20 25

CULTIVATORS.

50.  Iron-beam.   Parlin's Patent, with shields......   14 50
19.  Wood-beam.   Parlin's Patent, with shields....   13 50

For which I agree to give you my notes payable with exchange or by express, prepaid, at above list, for plows— less forty-five per cent, and payable all January 1st, 1879, with ten per cent interest from January 1st, 1879. Cultivators, less net per cent, and payable January 1st, 1879, with ten per cent interest from January 1st, 1879.

PARLIN & ORENDORFF,
Per TAYLOR."

Respondents maintain, and the court below held, that it was void for uncertainty, and hence not a sufficient memorandum for any purpose. These questions must naturally be considered together. We entertain no doubt but what the memorandum is sufficient under our Statute of Frauds, as construed by this court. Certainly it is not complete and perfect in itself, so as to render it an artificially drawn contract; but it is sufficiently definite and certain on its face to render it admissible. Being clearly admissible, there can be no doubt under the authorities cited, but what the parol evidence rejected by the court was admissible to ex- plain and apply it to the contract actually existing between the parties. Parlin & Orendorff, the respondents, are the parties to be bound by this contract. It is signed by them by their agent, contains an order on them to deliver certain goods to John F. Lash, the appellant by name; it contains an exact description of the property to be delivered, with

the price to be paid for each article; it states the manner and place of execution; and it fixes the time and place of payment. This all seems plain enough. Here then we have a paper signed by the parties to be bound, by a person purporting to be their agent, designating on its face the party to be benefited, describing the property to be affected, stating the price to be paid, fixing the manner and place of delivery, and providing the time and manner of payment. Applying the test of common sense to this paper, what else can it mean than that it is intended to contain the memorandum of a contract between Parlin & Orendorff and John F. Lash, all the details of which have not been fully reduced to writing? We cannot read it in any other light.

The rejected parol evidence tended to show that Taylor was the duly authorized agent of respondents, and as such had the goods in his custody at Chillicothe, with power to sell them; that he went to appellant's store in Linneus, and endeavored to sell them to him; that appellant thought there were more of them than he could dispose of, and asked time to look around and see if he could not job some of them off in the surrounding towns of his county; that time was given, and ascertaining that he could so dispose of a sufficient quantity of them to justify the purchase, appellant sent Coons as his agent, to Chillicothe, to close the trade with Taylor; that Coons did close the trade with Taylor as directed, exactly as stated in the memorandum; and that when it was so closed, and certain dispositions had been made of the goods, looking to their shipment according to the disposition made of them by appellant, Taylor executed this memorandum and gave it to Coons to deliver to appellant as evidence of the contract they had concluded. There was other evidence, but the tendency of sufficient has been fairly stated to show its admissibility. Some portions of it may have been incompetent and irrelevant, but those questions need not be determined now.

The case of *O'Neil v. Crain*, 67 Mo. 250, seems entirely

conclusive of this case. On pages 251, 252, NORTON, J., disposes of this general question, and the sufficiency of the memorandum there involved, and the admissibility of parol evidence to explain it, very tersely, thus: "Parol evidence is clearly inadmissible to contradict, alter or vary a written contract, but when a written memorandum of a contract does not purport to be a complete expression of the entire contract, or part of it only is reduced to writing, the matter thus omitted may be supplied by parol evidence. *Rollins v. Claybrook*, 22 Mo. 407; *Moss v. Green*, 41 Mo. 389; *Briggs v. Munchon*, 56 Mo. 467; 1 Greenleaf Ev., § 284 a. The memorandum offered in evidence was as follows: 'Brookfield, September 10th, 1874. William O'Neil, you will please get in 360 hogs instead of 250, if you can, so as to make three car loads at your place. Be careful about the weight. I. I. Crain, Bro. & Co.' The memorandum is silent as to the price to be paid, and does not purport to express the entire contract, and the evidence offered to explain it in this particular, being in nowise contradictory to the writing, was, under the authorities cited, properly admitted." And the other Missouri cases cited in the opinion fully sustain the conclusion reached, as well as the memorandum in question here. *Moore v. Mountcastle*, 61 Mo. 425.

Respondents' counsel stoutly maintain the insufficiency of this memorandum and cite numerous authorities to sustain his position. Browne on the Statute of Frauds is cited and very much relied on; but a critical examination of the sections cited will show that they tend to establish the contrary conclusion. For instance, Mr. Browne in the fourth edition of his work, section 372, says: "It is necessary that the memorandum should show who are the parties to the contract by some reference sufficient to identify them;" and he cites *Champion v. Plummer*, 1 Bos. & P. N. P. 252, as a leading case on the subject, in which "the memorandum was duly signed by the vendor but the name of the purchaser nowhere appeared." The court said the

memorandum imported a sale to any other person as well as the plaintiff. Not so in the case at bar. Here the memorandum is duly signed by the vendors, by their agent, Taylor, and the name of John F. Lash, the appellant, is designated on the face of the paper as the other party; and it is not difficult to perceive from the entire paper that he was the intended purchaser. What was his name there for? Again, Mr. Browne says: "As to the identification, it is sufficient if, upon the memorandum, in addition to its having the signature of the party to be charged, it appears with reasonable certainty who the other party to the contract is." And as to the admissibility of parol evidence to show the agency, he says: "And the fact that the person to whom such a letter was addressed was the agent of the plaintiff, and received it in that character, may be proved by parol evidence, to show the plaintiff to be the real promisee." The case put in section 374 as deciding the contrary, is manifestly not in point here, while those cited in sections 375 and 376 fully sustain the memorandum in this case, and the admissibility of the rejected parol evidence. On these authorities alone, the case might well be decided against respondents. We have carefully examined all the other authorities cited by counsel for respondents, and are unable to find anything in them impairing the conclusions reached by those cited above, or materially affecting the memorandum in this case. Some are obviously not in point, others relate to lands, and others are in conflict with our own cases cited above. Many strong cases might be cited in support of this memorandum, but regarding the cases in this court as entirely satisfactory on both points discussed, we do not deem it necessary to pursue the subject further.

For the reasons stated the judgment should be reversed and the cause remanded. All concur.