Trimble v. Foster.

87   49
35a 600

87   49
46a 297

## TRIMBLE, *Appellant*, v. FOSTER.

1. **Slander**: WHEN ACTION WILL LIE UPON CHARGE OF LARCENY. An action for slander will not lie where the words spoken, although of-themselves amounting to a charge of larceny, are accompanied by a specification of the acts upon which the charge is based, which shows that the property charged to have been stolen was not the subject of larceny. But if some of the property charged to have been stolen was the subject of larceny, the action may be maintained.

2. **Slander**: PLEADING: ANSWER. To state a complete defence to the speaking of slanderous words, which of themselves amount to a charge of larceny, it must appear upon the face of the answer that they were accompanied by a statement of facts showing that no larceny was committed.

3. ———: JUSTIFICATION. To justify the speaking of slanderous words charging larceny, by showing that their utterance was accompanied by a statement of the facts upon which they were based,

VOL. 87—4

from which it appeared no larceny was committed, the defendant must show that to every one to whom he uttered the slanderous words he stated the facts upon which he based the charge.

4. ———: PLEADING: PRACTICE. Under the statute (Revised Statutes, section 3553), mitigating circumstances may be pleaded in an action for slander, and are admissible in evidence to reduce the amount of damages, but not to defeat the action.

5. ———: PRACTICE: EVIDENCE. Evidence of defendant's condition and circumstances in life is admissible in an action for slander.

*Appeal from Moberly Court of Common Pleas.*—Hon. G. H. BURCKHARTT, Judge.

REVERSED.

*Reed & Hall* and *W. T. McCanne* for appellant.

(1) Defendant's answer is insufficient, uncertain, inconsistent and indefinite, and plaintiff's motion to strike out parts of it should have been sustained. Defendant neither avers nor denies the truth of the charges so as to make an issue of that fact before the jury. The trial court should have required the pleadings to go to an extent to secure pleadings based upon them that would inform the jury under the evidence whether the plaintiff in a slander suit is guilty or innocent of the charge. 2 Greenleaf on Evid., sec. 419. (2) The court erred in instructing the jury to take into consideration the character and standing of both plaintiff and defendant, after rejecting evidence upon that point. *Buckley v. Knapp*, 48 Mo. 162; *Polston v. See*, 54 Mo. 295. (3) The jury were misled by the instructions given for defendant. The second is misleading and lacks definition in its wording and meaning. Defendant's fourth instruction is erroneous. Violence of temper is an aggravation, and not an excuse, in slander. *Pasley v. Kemp*, 22 Mo. 410. (4) It was error to refuse plaintiff's first instruction. *Hall v. Adkins*, 59 Mo. 148.

*Hollis & Wiley* for respondent.

. (1) Defendant admitted in his answer the speaking of the words charged; denied that the same were maliciously spoken; and pleaded his belief in the words spoken. And also set up the facts and circumstances relied upon to constitute the stealing and a reference by him to such facts and circumstances at the time of speaking the words. The same manner of answering was held good and sufficient in *Hall v. Adkins*, 59 Mo. 144. (2) The questions in relation to the character of the plaintiff and of the defendant, as propounded by plaintiff to his own witness, Singleton, were properly refused. (a) They were directly leading. (b) The law presumed the plaintiff's character and the defendant's character good, and neither party, on the issue made by the pleadings in this case, was attacking the previous character of the other. Hence, the questions were irrelevant even had they been in proper form. (3) This court will not pass upon the weight of the evidence in cases at law, unless there are circumstances clearly showing bias or prejudice, such as to make the verdict unconscionable.

HENRY, C. J.—This is an action of slander, in which the words alleged to have been spoken by defendant of the plaintiff are the following: "He is a thief; he is a d——d thief."

In his answer, defendant admitted the speaking of the words, but denied that they were spoken falsely and maliciously for the purpose of slandering the plaintiff, but because he believed that plaintiff had been guilty of stealing his property. · For a more specific answer, he states that he purchased of plaintiff a farm, in Randolph county, and plaintiff delivered to him possession thereof, and prior to the speaking of said words, "the plaintiff unlawfully, and without the knowledge or consent of

defendant, entered upon said land, and, by force, took and carried away and converted to his own use, fixtures belonging to said land, and the property of defendant and then in defendant's possession, to-wit: one sidewalk, running from the dwelling house on said premises to the privy; also, a brick mound, built up in the front yard of said premises for flowers; also, two large grain bins or cribs, which were located in, and a part of, the barn on said premises, used for holding grain raised upon said farm; also, a lot of manure and other things belonging to defendant by reason of the purchase aforesaid and of great value."

To this plaintiff filed a replication, denying the facts alleged. On trial of the cause there was a verdict and judgment for defendant, from which plaintiff has appealed.

The answer is ingeniously framed, and it is difficult to say exactly what are the issues it presents. It is not a plea of justification. It admits the speaking of the words, but does not allege their truth, but, as we construe it, admits that they were not true, and states, as an excuse for uttering them, certain facts which led defendant to believe that they were true when uttered. It is not a plea of justification, but only in mitigation. If words spoken amount, of themselves, to a charge of larceny, yet if accompanied with a specification of acts upon which the charge is based, which show that no such crime was committed, the party of whom the words were spoken has no cause of action. As, if the words relate to the taking of property not a subject of larceny, they will not be actionable. *Ogden v. Riley*, 14 N. J. L. 186; *Upham v. Dickinson*, 50 Ill. 97; *Carmichael v. Shiel*, 21 Ind. 66; *Allen v. Hillman*, 12 Pick. (Mass.) 101; *Hall v. Adkins*, 59 Mo. 146. But if some of the property alleged to have been stolen was the subject of larceny the action may be maintained. As if A should

Trimble v. Foster.

say of B that he stole an acre of land and a horse, the property of A.

In his answer defendant alleges that certain fixtures were taken by plaintiff from his farm, " and other things belonging to the defendant, by reason of the purchase aforesaid." If the defendant meant to excuse and not merely to mitigate the damages for speaking the words, the answer should have been specific, and alleged with precision the facts which excused him. If the other things, which it is alleged plaintiff took, were fixtures, it should have been stated expressly, so that upon the face of the answer the facts stated would show that no larceny was committed by plaintiff. The court erred in treating the answer as stating a complete defence to the action.

It was also error to refuse the instruction asked by plaintiff to the effect that in order to excuse the speaking of the words defendant should show that to every one to whom he uttered them he stated the facts upon which he based the charge. If he spoke the words to ten men, and only made the explanation to nine of them, the explanation to the nine did not excuse the utterance of the words to the tenth man. That he explained to nine would be admissible in mitigation, but not as a defence to the action. Mitigating circumstances, under our statute, section 3553, may be pleaded, and are "admissible in evidence to reduce the amount of damages," but not to defeat the action. *Hall v. Adkins*, 59 Mo. 148, is not in conflict with the views above expressed. There the property alleged to have been stolen by plaintiff was not the subject of larceny, and the court (Hough, J.), said: "But if the defendant honestly believed that the facts * * * constituted larceny, and so believing, and without malice, uttered the words only to those to whom he communicated the facts, * * * thus sending an antidote along with the poison, and showing

a mistaken view of the law, rather than a malicious
purpose, the plaintiff cannot recover."

Evidence of defendant's condition in life, and cir-
cumstances, was admissible. *Buckley v. Knapp*, 48
Mo. 162, and cases cited.

The judgment is reversed and the cause remanded.
All concur.