Morgan v. Rice.

---

S. P. MORGAN, Respondent, v. J. R. RICE, Appellant.

Kansas City Court of Appeals, April 15, 1889.

35   591
47   513
35   591
60   134

1. **Slander**: INSTRUCTION AS TO JUSTIFICATION PROPERLY REFUSED WHEN. In an action for slander, wherein the petition charges that defendant is charged with saying : "Price Morgan is a thief ; he stole my turkey ; he stole my knife," it is proper to refuse an instruction that directed a verdict for the defendant on the one ground, alone, of defendant's justification in charging plaintiff with stealing the knife, whereas plaintiff was further seeking by pleadings, and by evidence, judgment against defendant for falsely charging him with stealing a turkey.

2. ———— : RULE AS TO WHETHER REPEATING FACTS CONNECTED WITH CHARGE CONSTITUTES JUSTIFICATION OR MITIGATION. To protect one from an action of slander, where a false charge of felony has been made, the defendant to defeat the action, cannot rely on his honest belief of the truth of the charge, and that he recited to his auditors along with the charge, the facts and circumstances giving rise to such belief on his part, unless such facts and circumstances are of such a nature as to show, affirmatively, that no such crime was in fact committed. It will not be held a justification of such false charge, that the defendant detailed certain facts and circumstances, tending to prove the charge, and which were convincing to his mind, though it may go to mitigation of damages.

8. **Practice :** EVIDENCE TO BASE INSTRUCTION ON. Where there is some, though it may be unsatisfactory, evidence, on which to base an instruction to take into consideration the pecuniary and other condition of the parties, this court will not disturb the verdict and judgment on that account where the verdict is small and there was no complaint on that ground to the court below.

*Appeal from the Platte Circuit Court.*—Hon. J. M. Sandusky, Judge.

Affirmed.

Statement of the case.

The plaintiff brought suit against defendant in the Platte circuit court, at the April term, 1886, for slander, in charging plaintiff with being a thief, and having stolen defendant's turkey and knife. Defendant's answer denied the allegations of the petition, except as to stealing the knife, and in answer to that charge he averred the truth of same, and that he always communicated all the facts in relation to the loss of the knife that in his opinion constituted larceny as justification.

Several witnesses testified for the plaintiff, some of whom stated that defendant Rice said to them, or in their presence, that "Price Morgan (the plaintiff) is a thief; he stole my turkey ; he stole my knife," and at the times of so speaking some of the witnesses testify that defendant related some circumstances on which he, the defendant, grounded his belief that the plaintiff had stolen his turkey and his knife.

The court then gave the following instructions for the plaintiff :

(1) The court instructs the jury that the plaintiff in in his petition, charges the defendant with speaking maliciously of, and concerning, the plaintiff, in the presence and hearing of J. F. and Sarah A. Boydston, the following words : "Price Morgan is a thief. He stole

my turkey.   He stole my knife."   And charges defend-
ant with further speaking maliciously of, and concerning,
the plaintiff, in the presence of I. H. McComas and
others, the following words :   "Price Morgan is a thief.
He stole my turkey and I can prove it."   And charges
the defendant of speaking maliciously of, and concern-
ing, plaintiff in the presence and hearing of J. D.
McMicheal and others, the following words:   "Price
Morgan is a thief.   He will steal."   And charges
defendant with maliciously speaking of, and concerning,
plaintiff, in the presence and hearing of George Whit-
lock and others, the following words:   "Price Morgan
stole one of my turkeys, took it to I. H. McComas' and ate
it and I will get up in court and swear it."   And further
charges that defendant maliciously spoke of, and con-
cerning, plaintiff, in the presence and hearing of Verner
Bernard and others, the following word:   "Price Mor-
gan is a thief.   He stole one of my turkeys and he stole
my knife."   And further charges, that defendant mali-
ciously spoke of and concerning plaintiff, in the pres-
ence and hearing of William Huntsman and others, the
following words :   "Price Morgan stole my turkey.   I
can swear it."   If the jury believe from the evidence,
that the defendant spoke of and concerning plaintiff the
words set out in either of the foregoing charges, as set
forth above, the jury should return a verdict for plaintiff.

(2)   It is not necessary for the plaintiff to prove
that the defendant spoke all of the identical words
charged, but it must be shown that he spoke enough of
the exact words charged in any one charge to substan-
tially constitute the offense of larceny imputed to
plaintiff.

(3)   If the jury find that the defendant spoke the
words charged in any one of the charges set forth in the
first instruction, then the law implies malice, and it is

not necessary for the plaintiff to prove malice in order to recover. By malice is meant a wrongful act done intentionally without just cause or excuse.

(4) If the jury find for the plaintiff, they may take into consideration the pecuniary and other conditions of life of both plaintiff and defendant, and should give the the plaintiff, as damages, a fair and reasonable compensation for the injury naturally or probably done him, and the jury, in addition to the actual compensatory damages, such exemplary damages as they may think proper, under all the circumstances of the case, to impose as a punishment upon the defendant.

The defendant objected to the giving of these instructions, and his objections being overruled, he excepted at the time. The defendant then moved the court to give the following instructions, which the court refused to give, and defendant excepted :

(1) If the jury believe, from the evidence, that the defendant, when he charged plaintiff with stealing his knife, honestly believed that all the facts and circumstances attending the taking of the knife constituted stealing, and so thinking and without malice uttered the words charged, only to those to whom he communicated the facts, in his opinion constituting the offense charged and upon which he based the same, and showing a mistaken view of the law, rather than a malicious purpose, then plaintiff cannot recover.

(2) It is essential to the recovery of the plaintiff in this action that the jury should believe from the evidence, that the words spoken by defendant were spoken maliciously. By malice is meant a wrongful act intentionally done, without justification or legal excuse ; and whether the words were spoken maliciously by defendant, is a question to be determined from all the facts and circumstances proved and from all the evidence in the case.

(3) Though the jury may believe from the evidence that the defendant spoke the slanderous words, as alleged in plaintiff's petition, still, if the jury further believe from the evidence that the words were not spoken maliciously, and that the character of the plaintiff has not been injured thereby, then the jury are at liberty to bring in a verdict for the plaintiff for nominal damages only.

(4) If the jury believe from the evidence that the defendant spoke the slanderous words as charged in plaintiff's petition, under an honest belief, from all the facts and circumstances surrounding the case, that the words spoken were true, and at the time of speaking the words charged, the defendant detailed all the circumstances in the conversation, and if the defendant spoke the words without malice, the jury should find for the defendant.

Besides these the court gave the following, of its own motion:

(1) It devolves upon the plaintiff to prove, by a preponderance of testimony, that the defendant spoke enough of the exact words charged, in any one charge, of and concerning plaintiff, to substantially constitute the offense of larceny imputed to plaintiff, and unless he has done so, the jury shall find for defendant.

(2) If the jury believe that the defendant spoke of, and concerning, the plaintiff the language charged in any of the charges, set out in plaintiff's first instruction, but also believe that the defendant at the time honestly believed what he said was true, and communicated the facts upon which he based his belief, to the persons to whom he spoke, then those facts may be taken into consideration by the jury as mitigating circumstances in determining the amount of damages. And if the jury believe that at the time of so speaking, defendant was not moved by actual malice, ill will, intent to injure, but was only speaking what he honestly

believed, this may be considered in mitigation of damages, though it does not authorize a verdict for defendant.

(3) In order to sustain the plea of justification set up, as to stealing the knife, it devolves upon the defendant to prove by evidence beyond a reasonable doubt, that the plaintiff stole the knife.

A reasonable doubt is a substantial doubt arising out of the insufficiency of the evidence, and not a mere possibility of innocence.

If such plea has been sustained by such evidence, this would authorize a verdict for defendant as to the charge, if any, of stealing the knife.

To the giving of these instructions by the court, the defendant objected and saved his exceptions at the time.

Upon the issues thus presented the plaintiff had a verdict and judgment for five hundred dollars and defendant brings the case here by appeal.

*N. B. Anderson, John W. Coots*, for appellant.

(1) The court erred in refusing to give the first instruction asked for by defendant. *Pasley v. Kemp*, 22 Mo. 407; *Hall v. Adkins*, 59 Mo. 144; *Weaver v. Hendrix*, 30 Mo. 502; *Atteberry v. Powell*, 29 Mo. 433. (2) The court erred in giving the first instruction for plaintiff, because by this instruction (which was cumbrous, involved and misleading) the court submitted to the jury a state of facts of which there was no evidence tending to prove; at least said instruction was given with reference to a state of facts not in evidence. *Harrison v. Cachelin*, 27 Mo. 26; Thomp. on Charging Juries, 87; *College v. Tyler*, 35 Mo. 268; *Kelso v. Townsend*, 13 Texas, 140; *Herndon v. Bryant*, 39 Miss. 366; *Oliver v. State*, 39 Miss. 526. (3) The fourth instruction given for plaintiff was obnoxious for the same reasons urged

against the first. There was no evidence upon which to base the same. *Harrison v. Cachelin*, 27 Mo. 26; *College v. Tyler*, 35 Mo. 268. (4) The court erred in refusing to give the fourth instruction asked by defendant, and by failing and refusing to give any other instruction that embodied the same points and proposition. *Pasley v. Kemp*, 22 Mo. 407; *Hall v. Adkins*, 59 Mo. 144. (5) The evidence does not sustain the verdict. All evidence for plaintiff, and even the testimony of plaintiff himself, admits that the defendant gave it only as his belief that plaintiff stole the turkey, and all admit that defendant always detailed the circumstances upon which he based his belief. As to the knife, the plaintiff admits that he carried away defendant's knife and that it was worth someting. The evidence of the defendant as to the theft of the knife, was not contradicted by plaintiff or any other witness. But the verdict does not state upon what charge the finding was based.

*R. P. C. Wilson, Jas. F. Mister*, for respondent.

(1) The instructions given for the plaintiff are unexceptionable. The first hypothecates the facts set out in the various charges in the petition, and tells the jury that if they believe from the evidence that defendant spoke of and concerning plaintiff the words set out in either of the charges so set forth, they should return a verdict for the plaintiff. *Zwisler v. Storts*, 30 Mo. App. 164; *Fink v. Phelps*, 30 Mo. App. 431; *Harrison v. Cachelin*, 27 Mo. 26; *Bradford v. Pearson*, 12 Mo. 71; *Mansur v. Botts*, 80 Mo. 651. The second and third instructions correctly explain to the jury the character of proof required to sustain the charges and the quality of it, and the meaning of the word malice, so as to enable them to act intelligently in their conclusion. *Wyatt v. Railroad*, 62 Mo. 411; *Wysler v.*

*Chesley*, 53 Mo. 547; *Edelman v. Transfer Co.*, 3 Mo. App. 503. The fourth instruction is of the same general character as the second and third, and intended for the the jury's information. (2) The putting of such a plea upon the record, and failing to prove it, is evidence of malice and a great aggravation of defendant's conduct as showing an *animus* of persevering in the charge to the very last; and it is a matter proper to be taken into account by the jury in estimating the amount of damages. *Williams v. Harrison*, 3 Mo. 411; 2 Add. on Torts [Woods Ed. 1881] 388, par. 1165; *Elder v. Oliver*, 30 Mo. App. 675; *Lanius v. Pub. Co.*, 20 Mo. App. 12.

GILL, J.—The defendant (appellant here) has filed no formal assignment of errors, and we shall only notice therefore the grounds of complaint as contained under "points and authorities."

The complaint is that the trial court erred in giving and refusing instructions, the principal contention being that the court should have given defendant's instructions numbered one and four, which are quoted entire in the foregoing statement of the case.

It is sufficient to say of instruction numbered one, that it was properly refused, for the reason, *if for no other*, that it directed a verdict for the defendant upon the one ground, alone, of defendant's justification in charging plaintiff with stealing the *knife*, whereas plaintiff was further seeking, by pleadings and by evidence, judgment against defendant for having falsely charged plaintiff with stealing a turkey. However defendant's theory of the law can as well be settled, and disposed of, by a decision of the propriety of his instruction numbered four, and to that we now direct attention.

We understand defendant's position, taken and embodied in his instruction number 4, to be this, to-wit: That even though the defendant may have declared to

various parties that plaintiff "Morgan was a thief—had stolen his turkey and had stolen his knife"—yet if at the time of making said charges he accompanied the same with a statement of the facts and circumstances, which caused him to believe the plaintiff guilty of larceny, as charged, and that he was honest in such belief, then there would be no slander, and plaintiff could not recover. We cannot accede to this contention, as applied to the case now under consideration. The cases of *Pasley v. Kemp*, 22 Mo. 407, and *Hall v. Adkins*, 59 Mo. 144, do not sustain the defendant's position. The doctrine invoked applies only in cases where a crime is charged or other slanderous language is used, but with the charge are such specifications, or explanations, upon which the charge is based, that show in fact no crime was committed. As, for example, in *Hall v. Adkins*, *supra*, Hall was tenant of Adkins, under an agreement that Hall should pay so much money rent, to secure which Hall agreed to gather and store the corn on the premises of which he had possession. But instead he ( Hall ) proceeded to haul away and sell the corn. On these facts it was alleged that Adkins charged Hall with *stealing* the defendant's corn, and the court held, that if, in making said charge of larceny against Hall, Adkins, in every such instance, and at the time, explained the circumstances and honestly made the charge, believing the facts constituted larceny, then the plaintiff could not recover—for, it was said, that along with the poisonous charge that Hall was stealing, Adkins explained the facts which showed there was no theft nor could there be in the very nature of things, which was sending an antidote along with the poison. It would be a very different case, had Adkins said, in reference to the charge that Hall was stealing corn, that he ( Adkins ) had tracked Hall's wagon to his ( Adkins ) crib and that he knew Hall was stealing his corn and "could prove it on him"—as would more nearly fit the case at bar.

There would be no "antidote" along with the poison, in the case last stated, but rather an *irritant* of an aggravating character.   When Adkins, in case above cited, charged Hall with committing larceny, by stealing his (Adkins) corn, he claimed a right to defend on the ground that, although he made the charge, in words, of stealing, he yet accompanied his words with the statement and specification of facts on which the charge was based, all of which showed that no larceny was committed.   The supreme court held this proper matter of defense.

For the distinction here contended for, see opinion of HENRY, J., in *Trimble v. Foster*, 87 Mo. p. 52, 53 ; also the well considered opinion of HALL, J., in *Wood v. Hilbish*, 23 Mo. App. 400–401.

It is not enough to shield the slanderer from the consequences of his ill-advised charges that he "*honestly believed*" the party, whose character was assailed, was a thief or a criminal.   Nor is he protected in making false charges by reason of his giving extra judicial evidence to his auditors whereby he will more surely blast the character of the party slandered.

We have examined a large list of authorities on this subject, and therefrom we conclude the true and reasonable rule to be :  That to protect one from an action of slander, where a false charge of felony has been made, the defendant, to defeat the action, cannot rely on his *honest belief* of the truth of the charge, and that he recited to his auditors, along with the charge, the facts and circumstances giving rise to such belief on his part, *unless* such facts and circumstances are of such a nature as to show, affirmatively, that no such crime was in fact committed.   It will not be held a justification of such false charge, that the defendant detailed certain facts and circumstances, tending to prove the charge, and which were convincing to his

mind. Such honesty of belief, upon such facts and circumstances as those last named, may go towards the mitigation of damages, but never to justify the slanderous charge. Towns. on Slander [3 Ed.] sec. 170; *Upham v. Dickinson,* 50 Ill. 96; *Carmichael v. Shields,* 21 Ind. 69; *Allen v. Hillman,* 12 Pick. 101; *Barnman v. Boyer,* 3 Binney, 515; *Brite v. Gill,* 2 Monroe (Ky.) 66; 2 E. D. Smith, 388; 16 Pick. 3, etc.

The trial court did not, therefore, err in refusing defendant's instructions 1 and 4.

As to the objection to plaintiff's instruction number 4, given on the measure of damages, it is sufficient to say, that there was *some* evidence as to the pecuniary and other conditions of the parties. One was shown to be a farm laborer, hiring out in the neighborhood, and boarding in the vicinity, while the defendant is mentioned as the owner and possessor of a farm and stock thereon, etc. While this evidence is not very satisfactory as to his financial standing, yet from the fact that the verdict was not large, and that defendant did not complain to the court below, of excessive damages, we will not disturb the verdict and judgment on that account.

While the plaintiff's first instruction is subject to some verbal criticism, yet when all the instructions are regarded in their entirety, and in reference to this case, it is seen that the circuit court in substance clearly and intelligently declared the law to the jury, and the facts fully warranted the verdict. The evidence as to taking the knife made no case of larceny against the plaintiff.

It follows from the foregoing discussion, of points brought to our consideration, that the judgment of the circuit court should be affirmed. The other judges concur.