OFFICIAL CATALOGUE COMPANY, Respondent, v.
    WEBER GAS & GASOLINE ENGINE COM-
    PANY, Appellant.

### Kansas City Court of Appeals, April 6, 1908.

1. **CONTRACT: Written: Parol: Evidence.** While parol evidence
    is inadmissible to contradict, alter or vary a written agreement,
    yet where the writen memorandum of a contract does not pur-
    port to be a complete expression of the entire agreement or
    only a part is reduced to writing, the matter thus left out may
    be supplied by parol evidence.

2. ——: ——: ——: ——. Under an application of the
    above rule a contract set out in the opinion is held to be a com-
    plete contract and that parol evidence was inadmissible to
    vary or add to it.

3. ——: ——: ——: ——: Presumption. When a contract
    is deliberately reduced to writing it is presumed to contain the
    entire agreement and to overcome such presumption the face of
    the instrument should plainly show its incompleteness by rea-
    son of the omission of some important matter necessary to
    affect the intention of the parties; and an omission, if the writ-
    ing contains a complete contract, cannot be supplied by oral
    testimony.

Appeal from Jackson Circuit Court.—*Hon. John G.
                    Park,* Judge.

AFFIRMED.

*Karnes, New & Krauthoff* for appellant.

(1) It has been held in a long line of decisions in
this state that where a written memorandum of a con-
tract does not purport to be a complete expression of
the entire contract, parol evidence may be introduced
to show what the entire contract was. Rollins v. Clay-
brook, 22 Mo. 405; Moss v. Green, 41 Mo. 390; Life
Assn. v. Cravens, 60 Mo. 390; O'Neil v. Crain, 67 Mo.
251; Brown v. Bowen, 90 Mo. 189; Koons v. Car Co.,
203 Mo. 255; Lumber Co. v. Warner, 93 Mo. 384; Nor-
ton    v.    Bohart,    105    Mo.    633;    Lumber    Co.

v. Lumber Co., 39 Mo. App. 220; Broughton v. Null, 56 Mo. App 231. (3) The instrument sued on by plaintiff herein appellant contends falls directly within the line of the decisions cited herein, and the instrument shows on its face that it is in no respect a complete contract. It is simply an authority for the respondent to insert appellant's advertisement in a catalogue.

*Hughes & Whitsett* for respondent.

(1) The rule of law applicable to this case is well settled in this State and we think it is clear that the question here involved does not come within any of the exceptions to that rule. (2) In this case, the contract sued upon is complete and unequivocal in its terms. Squier v. Evans, 127 Mo. 518; State ex rel. v. Hoshaw, 98 Mo. 358; Boyd v. Paul, 125 Mo. 9; Jones v. Shepley, 90 Mo. 307; Construction Company v. Moss, 185 Mo. 61; Tracy v. Iron Works, 104 Mo. 193; Greenleaf on Evidence (16 Ed.), 275; Bank v. Hunt, 25 Mo. App. 170; Manufacturing Co. v. Jaeger, 81 Mo. App. 239; Morgan v. Porter, 103 Mo. 140, 141; Zeringue v. Railroad, 34 Fed. 239; Steamboat Co. v. Steamboat Co., 109 U. S. 672; Emerson v. Slater, 63 U. S. (22 How.) 28; Oelrichs v. Ford, 64 U. S. (23 How.) 49; Insurance Co. v. Lowry, 96 U. S. 544. (3) So too, in this case, the time to have tested defendant as to what he would have done, if they had not agreed as they testified, to print a million copies of the catalogues, was when the contract was executed; and, as a business man, if that stipulation was of such great importance to him, he should have insisted upon its being written into the contract itself. But it nowhere appears therein.

BROADDUS, P. J.—This action is brought to enforce the following contract:

"Four hundred dollars.   Original.   April 29, 1904.
No. 1062.                               $400.00

"The Official Catalogue Co. (incorporated), Publishers of the Official Catalogues of the Louisiana Purchase Exposition of 1904, St. Louis, Mo.

"This is your authority for inserting 1 page of advertising in the supplementary catalogue of the Universal Exposition to be held in St. Louis, in 1904, for the following departments: (5) Machinery, on 1 page in 1 Department Catalogues, copy for which is hereto attached, the total amount being $400. Payment to be made on the proof of publication.

"The advt. will appear on the inside front cover.

"Only the conditions stipulated on this contract will be recognized by the publisher.

(Signature.)   WEBER GAS & GASOLINE ENGINE CO.

"Contract secured by L. H. Light, Agent.

"(Address)   PR. G. WEBER.

Kansas City, Mo."

The defense, is, that the writing "sued on was not in itself a complete contract, and that the contract in its entirety was an oral agreement; and that as a part of the oral agreement the plaintiff agreed to print and circulate one million copies of the catalogue containing this advertisement."

The cause was tried by the court without a jury, and defendant introduced evidence tending to show that a part of the agreement was oral as stated, which the court refused to consider, and rendered judgment on the written contract, from which the defendant appealed. The only question before us is one of law. It is conceded that if the contract is complete on its face the cause should be affirmed, if not complete the evidence offered was admissible and the cause should be reversed.

It is the settled law of this State that "whilst parol evidence is inadmissible to contradict, alter, or vary a written agreement, yet where a written memorandum of a contract does not purport to be a complete expres-

sion of the entire contract, or a part only of the contract was reduced to writing, the matter thus left out of the writing may be supplied by parol evidence." [Moss v. Green, 41 Mo. 390; O'Neil v. Crain, 67 Mo. 250; Rollins v. Claybrook, 22 Mo. 405; Black River Lumber Co. v. Warner, 93 Mo. 374.] The St. Louis and Kansas City Courts of Appeals have enunciated the same rule of law. The latest expression of our courts on the subject is to be found in Koons v. St. Louis Car Co., 203 Mo. 227. The rule being conceded the question in each case is one of construction. The court must say whether the writing evidencing the contract is incomplete within itself.

The writing before us does not indicate in any way that the contract between the parties is incomplete. It is a simple agreement to the effect that the defendant agrees to pay to plaintiff the sum of $400 upon proof that plaintiff has inserted one page of advertisement for defendant in the Official Catalogue of the Louisiana Purchase Exposition of 1904, St. Louis, Mo., in department 5, Machinery, one page, one Department Catalogue; and that the advertisement will appear on the inside front cover. The writing clearly implies that the advertisement is to appear in said catalogues without any reference to the number that will be published. In the construction to be placed upon the writing this seems to be indisputable when we come to consider the fact that it was impossible for the plaintiff to ascertain beforehand the number of the catalogues that would be required to supply the demands of the public, and that the number to be printed and distributed was for that reason not mentioned. And it appears that such matters were to be omitted, is especially emphasized by the recitation that "Only the conditions stipulated on this contract will be recognized by the publisher."

From the face of the writing it seems to express a contract that defendant's advertisement was to be in-

serted in the catalogue that was to be published without reference to their number. That it can reasonably be so construed there can be no doubt. The evidence of defendant was that plaintiff's agent who made the contract at the time and before the writing was executed, agreed that plaintiff would publish one million copies of said catalogue containing defendant's advertisement. Under the well known rule of law, that all prior and contemporaneous agreements are merged in the written agreement the evidence was incompetent and properly excluded, unless it had appeared that the instrument on its face was incomplete. And unless we are mistaken in our construction of the writing the evidence was contradictory of the contract itself, for if the plaintiff was not bound to publish any certain number of its catalogues with defendant's advertisement inserted, evidence that it agreed to publish a million such would be contradictory of the contract itself. When parties deliberately reduce to writing their contract the presumption is that it contains the agreement entire, and in order to overcome this presumption the face of the instrument should plainly show that it is incomplete by reason of the omission of some important matter that was necessary to effectuate the intention of the persons contracting. And even though some part of the agreement was omitted, if the writing contains a complete contract it is not competent to supply the omission by oral testimony.

We believe the action of the trial court was proper. Affirmed. All concur.