# N. J. PENNINGTON, Respondent, v. THOMAS J. MEEKS, Appellant.

1. *Practice, civil — Actions —Slander—When material words charged are the same, other and immaterial words may differ.*—In an action for slander, if the words charged imputed to plaintiff the same indictable offense, the petition would not be held bad because immaterial words were slightly modified so as to meet the proof under the different shapes in which it might come.

2. *Practice, civil — Actions — Slander — Different sets of words may be embraced in same count.*—In an action for slander, different sets of words spoken on different occasions may be set forth in the same count and be included in the same cause of action.

3. *Practice, civil — Actions—Slander — All the words charged need not be proved.*—In an action for slander, all the words charged need not be proved, either substantially or at all. It is sufficient to prove the identical words which of themselves constitute the slanderous imputation.

4. *Practice, civil—Actions — Malice in law, definition of.*—Malice in law embraces an act wrongfully and intentionally done, without just cause or excuse, and does not necessarily imply malevolence of disposition or enmity toward any particular individual.

5. *Practice, civil — Actions — Slander—Words held to be malicious in law, when.*—In an action of slander, words charging plaintiff with the crime of larceny were held to be malicious and slanderous of themselves, without regard to the question of intent; and if spoken as charged in the petition, the inference of malice would be a conclusion of law, and not of fact.

*Appeal from Fourth District Court.*

*Blair, Cover & Harrington*, for appellant.

I. Plaintiff has united several causes of action in one and the same count. (34 Mo. 134 ; 36 Mo. 202 ; 39 Mo. 451.)

II. The words should be laid in the petition as uttered. (Watson v. Musick, 2 Mo. 29 ; 7 Mo. 324 ; 26 Mo. 153–61.)

III. While words actionable *per se* import malice, yet the presumption of malice is not conclusive. (2 Kern. 67–74.)

*Ellison & Ellison*, for respondent.

I. The appellant gains nothing by insisting that the words charged vary from those proven. They differed in the words "*he* stole," etc., and "*Pennington* stole," etc., both in the third person. (8 Johns. 75.)

II. The words charged implied malice, and the instruction was properly refused upon that subject. The answer set up nothing in mitigation of damages. The evidence showed no extenuating circumstances. (Weaver v. Henrick, 30 Mo. 502.)

III. "Different sets of words importing the same charge, laid as spoken at the same time, may be included in the same count." (1 Chit. Pl. 405, note 3 ; Rathbun v. Emigh, 6 Wend. 407.)

CURRIER, Judge, delivered the opinion of the court.

This action was brought to recover damages for words alleged to have been spoken by the defendant, which imputed to plaintiff the commission of an immoral and indictable offense. The words charged are : "He (meaning the plaintiff) stole my hog, and I can prove it." The words are also charged in this form : "He (meaning the plaintiff) stole one of *our* hogs." The variation is immaterial. The material words are not only of the same signification, but are identical in both forms of expression. The other immaterial words are slightly modified so as to meet the proof under the different shapes in which it might come. In either form the words alleged impute to the plaintiff the crime of larceny, and that embraces the point and substance of the slander set out in the petition.

It is averred in the petition that the defendant, during the spring and summer of 1855, at different times and on different occasions, spoke the words in question of and concerning the plaintiff. It is thence inferred by the defendant's counsel that the petition contains different counts, stating different and independent causes of action. A motion in arrest is based on that theory. It is not well founded. The petition contains but one count, and states but one cause of action, and has but one conclusion claiming damages. The general features of the petition bear a close resemblance to the petition in Birch v. Benton, 26 Mo. 153, which sets out four different sets of words, and alleges them to have been spoken at different times and places. There was, however, but one conclusion of damages, and this court, per Richardson, Judge, declared the petition to contain but one count and one cause of action, although the court below had treated it as containing four counts.

Again, it is objected that different causes of action are mingled in the same count. What has been said substantially disposes of this objection. Different sets of words may be set forth in the same count, as was done in Birch v. Benton; and see Starkie on Slander, 442, Am. ed. 1858; Rathbun v. Emigh, 6 Wend. 407; Williams v. Harrison, 3 Mo. 290.

It is further objected that the slanderous words proved are different from those laid in the petition. There is no foundation for this complaint. The material words proved are identical with those alleged. One witness testified that the words were, "Don't you think Jim Pennington (plaintiff), the damned old rascal, stole one of our hogs?" Another witness put the words thus: "'Have you heard about Pennington stealing one of my hogs?' or 'our hogs?' * * Meeks said, 'It is so; he had stole my hog,' or 'our hog.'"

Objections are also made to the action of the court in giving and refusing instructions. The instructions given were as favorable to the defendant as he had any right to demand, and put the issues of fact fairly to the jury. The material words charged were not only "substantially" proved, but literally. All the words charged need not be proved, either substantially or at all.

It is sufficient to prove the identical words which of themselves constitute the slanderous imputation. (Creelman v. Marks, 7 Blackf. 281 ; Iseley v. Lovejoy, 8 *id*. 462.)

"In a conversation in which a person is slandered," says Judge Richardson in Birch v. Benton, "a great deal may be said which does not vary the meaning of the offensive words, and therefore a variation between the declaration and proof as to the part of a statement which does not affect the sense will be immaterial ; but the words which contain the poison to the character and impute the crime must be proved as laid ; and this seems to be what is meant by the cases where they say that the words proved must substantially correspond with those charged."

The court declined to instruct the jury that their verdict should be for the defendant in case they found from the evidence, as a matter of fact, that the words in question "were not spoken in malice," and this refusal of the court is complained of as erroneous. This objection seems to be founded upon a misconception of the legal meaning of the term "malice." In common parlance malice means ill-will against a person, but the law attaches a different meaning. In its legal sense the term implies an act wrongfully and intentionally done, without just cause or excuse, and does not necessarily imply malevolence of disposition or enmity toward any particular individual. It imports the existence of an intention from which flows any unlawful and injurious act committed without legal justification. The books give these examples of legal malice : "If I give a perfect stranger a blow likely to produce death, I do it intentionally and without just cause or excuse." So, if I traduce a man, whether I know him or not, and whether I intend to do him an injury or not, the law considers it as done of malice, because it is done wrongfully and intentionally. (See Head on Libel and Slander, § 82, note 1, and the authorities there cited.)

The words laid in the plaintiff's petition were malicious and slanderous of themselves. If they were spoken as charged, the inference of malice is a conclusion of law, and not of fact. (Head, *ubi supra*.) The instruction was properly refused.

The jury was properly instructed in regard to the circumstances which were supposed to go in mitigation of damages, and the judgment will be affirmed.    The other judges concur.