Lewis v. McDaniel

_____

| | |
|---|---|
| 82 | 577 |
| 46a | 293 |
| 82 | 577 |
| 50a | 249 |
| 82 | 577 |
| 129 | 141 |
| 82 | 577 |
| 171 | ¹ 84 |
| 95a | ⁴652 |

LEWIS, *Administrator*, v. McDANIEL, *Appellant*.

1. **Action, Abatement of.** An action for slander does not abate, pending an appeal to the Supreme Court, by reason of the death of plaintiff in whose behalf the judgment was rendered.

2. **Slander.** Words charging that plaintiff was a thief and had stolen hogs, impute a felonious offense, and are actionable *per se.*

3. **Slanderous Words; proof of.** All the slanderous words charged need not be proved. It is sufficient if those proved contain the

37—82

poison to the character and constitute the precise charge of slander alleged.

4.  **Instruction**: QUANTUM OF PROOF.  An instruction in this case held not erroneous because it authorized a verdict for the plaintiff, if the jury should find that enough of the exact words charged to substantially constitute the charge imputed were spoken.

5.  **Slander**: PLEADING.  In an action for slander words spoken on different occasions may be set forth in one count, and included in the same cause of action.

6.  **The Objection** that the jury took with them to their room a refused instruction of the opposite party, is made too late in the motion for a new trial.

*Appeal from Franklin Circuit Court.* — HON. A. J. SEAY. Judge.

AFFIRMED.

*Crews & Booth* and *Thos. B. Crews* for appellant.

The words charged are not actionable, and the words proved are not only not the same in substance, but are not even equivalent, and do not convey the same ideas.  The first instruction for plaintiff was erroneous in the use of the words " in substance," or " substantially." *Attebury v. Powell*, 29 Mo. 427.  It is exclusively the province of the court to determine whether there is such an identity between the words proved and those charged in the petition as will support the action. *Berry v. Dryden*, 7 Mo. 324. The verdict was erroneous in being a general one on two causes of action. *Johnson v. Dickers*, 25 Mo. 580; *Brady v. Hash*, 46 Mo. 461.  The judgment should be reversed because the jury carried a refused instruction of plaintiff with them to the jury room.  R. S., § 3655.

*T. A. Lowe* for respondent.

There was no substantial error in the trial.  The second and third clauses of the petition stated sufficient facts to constitute a cause of action. *Elfrank v. Seiler*, 54 Mo. 134.

It was not necessary to aver and prove special damage, as the law presumed malice. *Birch v. Benton,* 26 Mo. 153; *Barbee v. Hereford,* 48 Mo. 323. There was no fatal variance between the words charged and those proved. *Birch v. Benton, supra; Pennington v. Meeks,* 46 Mo. 217. The first instruction for respondent was proper. Cases just cited. The attention of the lower court was not called to any irregularity in permitting respondent's fourth instruction to go to the jury. The Supreme Court will not consider such exceptions not taken at the time the error is committed. *Sweet v. Maupin,* 65 Mo. 68; *De Graw v. Prior,* 53 Mo. 314. The objection comes too late on motion for new trial or in arrest. *Hirt v. Hahn,* 61 Mo. 496; *Berry v. Smith,* 54 Mo. 148. The rule that where there are two counts, there must be a verdict on each count does not apply in this case. *Brady v. Connelly,* 52 Mo. 19; *Pennington v. Meeks,* 46 Mo. 217; 1 Starkie on Slander, p. 434. The judgment did not abate by reason of the death of plaintiff. *Lewis v. Railroad Co.,* 59 Mo. 495.

RAY, J.—At the November term, 1878, of the circuit court of Franklin county, the respondent filed his petition in an action for slander, in three clauses, in substance as follows:

1st, That on or about the 25th day of December, 1876, in the vicinity and neighborhood of respondent and appellant, in the county of Franklin, the appellant maliciously intending to injury the respondent in his good name, fame and credit, etc., in the hearing of one John Lefler and others spoke of and concerning the respondent the following false, malicious and defamatory words: "John Thompson killed my hogs and eat them, and I want him (respondent) to hear it, and know that I said it."

2nd, That the appellant still further intending to injure the respondent in his good name, fame and credit, and to cause it to be suspected and believed by neighbors and other good citizens of the vicinity that the respondent was

guilty of the offenses and misconduct hereinafter mentioned. and charged upon him in a certain discourse which the appellant had on or about the 13th day of August, 1878, at a store in the presence and hearing of one H. H. Tupker and divers other good citizens, falsely and maliciously spoke of and concerning the respondent, the following false and defamatory words, that is to say: "John Thompson killed my hogs and I can prove it, and he (meaning respondent) is the biggest thief on this creek, and I can prove it by Val. Mitchell and his boys that he (meaning respondent) has stolen my hogs."

3rd, That further intending to injure respondent, etc., the appellant on or about the 15th day of August, 1878, spoke of and concerning the respondent, in the presence and hearing of one Valentine Mitchell and other citizens, the following false, malicious and defamatory words: "John Thompson's water gates were traps to steal other people's stock in," thereby intending to injure respondent in his good name, etc., and to create the belief that he was a hog thief, and to bring him into disgrace    Wherefore he prayed. judgment for $5,000 and costs.

The answer is a general denial, and also a specific denial of each allegation and of any attempt to injure respondent, or that he was injured.

At the inception of the trial the appellant objected to the reception of any evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action.    The court sustained the objection as to all matters alleged in said first clause, and excluded all evidence in regard thereto, and this part of the petition, under th's ruling, and the result of the trial, becomes wholly immaterial. The court overruled said objection as to the matters alleged in said second and third clauses of the petition, and admitted the evidence offered by the respondent to sustain them, to which action of the court the appellant excepted.    Under the evidence and the instructions the jury returned a verdict for one cent, and judgment was thereupon given for

this amount and costs, and the case appealed to this court. It may be stated that, after the appeal was taken, the respondent died, and said Mahlon R. Lewis was appointed administrator of his estate by the probate court of Franklin county, and said Lewis has been duly substituted upon the record in this court.

In a case like this the suit does not abate by death of plaintiff, pending the appeal in this court, and no such objection is here urged. See 59 Mo. 495, 503. The objections urged to the petition in this case are not, we think, well taken. The words set forth in the second and third clauses of the petition plainly impute to and charge the respondent with a felonious offense, and were actionable *per se.* The law in such case imports a damage, and no averment of special damage was necessary.

Upon the trial the witness Tupker, in whose presence, among others, the slanderous words set out in the second clause of the petition are charged to have been spoken, testifies as follows: "I know defendant. I had a conversation with him on Calvey Creek in August, 1878. He said to me, talking of plaintiff, ' You lean to Thompson, he is the biggest thief on the creek, and he could prove it by Mitchell's boys that he killed his hogs.' There was no more said. I went away to my work." The objection is made that the words thus proved are different from the words charged. It is contended for appellant that the only words in said second clause that are to be construed as actionable in any event, are the words, " I can prove by Val. Mitchell and his boys that he has stolen my hogs," and that the words used by the witness, " He could prove by Mitchell's boys that he has killed his hogs," are not substantially the same words and have not even a similar import. If the words thus quoted were all the words employed, and those that alone constituted the charge made in this part of the petition, then, we think, there would not merely be a variance therefrom in the evidence of the witness, but there would be a total failure of proof. Many of the technicalities and nice-

ties with which actions of this description, both as to plead-
ings and proof, were formerly incumbered, arising in part
from the anxiety of courts to discourage such actions, are
not at this day and under our system, to be approved. The
strictness formerly observed as to proving all the words,
and only the words and precisely as said, is not now re-
quired. All the words need not be proved; some of them
may be omitted, provided those proved are words contain-
ing the poison to the character and constitute the precise
charge of slander averred. *Birch v. Benton*, 26 Mo. 161;
*Pennington v. Meeks*, 46 Mo. 217.

In addition to the words in the second clause of the
petition, to the effect, that he could prove by Val. Mitch-
ell and his boys that respondent had stolen his hogs, the
following words were also charged : "John Thompson killed
my hogs, and I can prove it, and he is the biggest thief on
this creek." If the clauses of the sentences in the second
set of slanderous words of the petition, and in the above
language of the witness are transposed, and this in no wise
affects the sense, it becomes apparent, we think, that the
poisonous words thus charged and those proved are iden-
tical, and not merely substantially the same. In the plead-
ing and proof the direct and unqualified affirmation is
made by appellant in speaking of respondent upon the sub-
ject of the hogs, that respondent is a thief, and the words
charged in the petition and omitted from the proof that he
could prove it by Mitchell and his boys that he had stolen
his hogs, may be treated as superfluous. They were neither
necessary to be averred or proved.

We do not think the words, " he is the biggest thief on
this creek," are in their proper connection here with other
allegations, and after verdict of the jury under the instruc-
tions, to be regarded merely as an imputation of bad princi-
ples or evil propensities. When the term thief is thus ap-
plied, it is to be presumed that it is used in a felonious sense,
and when admitted or shown to have been used by satis-
factory proof, it should then devolve upon the defendant to

show that it was not employed in such felonious sense. In this case the defense is a denial that appellant spoke the words, and as there is a conflict in the evidence, the finding of the jury is conclusive upon us. Even if the term thief, as here used, were to be regarded as a general term, and not used in reference to the hogs, it is, nevertheless, well settled that an action is maintainable for a general imputation conveyed in apt terms. Starkie on Slander, p. 85.

In regard to the instructions, we do not deem it necessary or important to set out or comment upon the second, third and fifth, given for the respondent, as they all went merely to the measure of damages, and the verdict of the jury was for one cent. The two remaining instructions, given for the respondent, are the first and sixth, and are as follows :

1. That if the jury believe from the evidence that the defendant spoke of and concerning the plaintiff, in the presence and hearing of H. H. Tupker, or others, as mentioned in the petition, the words in the petition, alleged, to-wit : " John Thompson killed my hogs, and I can prove it, and he is the biggest thief on this creek, and I can prove by Val. Mitchell and his boys that he has stolen my hogs," or that enough of the words stated in the petition have been proven to substantially constitute the charge imputed to plaintiff, then the jury must find for the plaintiff.

6. That if in this case the jury find that defendant spoke the slanderous words as charged in the second and third counts of plaintiff's petition, then the law presumes they were spoken maliciously, and it is not necessary to prove any express malice in order to warrant a verdict for plaintiff.

On behalf of appellant the court gave the following:

1. The court instructs the jury that the defendant is charged by plaintiff with speaking of plaintiff the following words: . " John Thompson killed my hogs, and I can prove it; he is the biggest thief on this creek, and I can prove it by Val. Mitchell and his boys that he has stolen

my hogs." And with speaking of plaintiff the following words: "John Thompson's water-gates were traps to steal other people's stock in;" and unless they believe from the evidence that defendant spoke of plaintiff the said words, or so much of the said words as may be sufficient to constitute a charge that the plaintiff stole hogs, or was a hog thief, they must find the issues in this cause for the defendant.

3. (As copied in the record, this is in the precise language of the first instruction.)

4. The court instructs the jury that in making up their verdict in this case they must not take into consideration any evidence of any words spoken by defendant after the 4th day of October, 1878.

5. The court instructs the jury that it is incumbent upon the plaintiff to prove his case by a preponderance of evidence, and unless the jury so find, their verdict should be for the defendant.

The following instruction, number two, set out in the transcript, was asked by the appellant and refused by the court:

2. The court instructs the jury that defendant is charged by plaintiff with speaking of plaintiff the following words: "John Thompson killed my hogs, and I can prove it. He is the biggest thief on this creek, and I can prove by Val. Mitchell and his boys that he stolen my hogs;" and with speaking of plaintiff the following words: "John Thompson's water-gates were traps to steal other people's stock in;" and that unless they believe from the evidence that defendant spoke of plaintiff the said words, or so much of the said words as may be sufficient to constitute a charge that the plaintiff stole hogs, or was a hog thief, they must find the issues in this cause for the defendant, and in considering of their finding upon this issue they must not take into consideration any words spoken by defendant not charged in the petition."

This instruction, blending as it does both sets of words

and requiring their proof, or so much thereof as may be sufficient to constitute the charge, etc., to say the least of it, is of doubtful propriety; and, under the pleadings and evidence in the cause, we are not prepared to say that its refusal could have materially affected the merits of the action to the prejudice of defendant, and in such case its refusal furnishes no sufficient cause for a reversal. We are confirmed in this view from a consideration of the other instructions given in the cause.

It is urged that the first instruction given for respondent is fatally erroneous, because of the use therein of the word substantially. In *Attebury v. Powell*, 29 Mo. 429, the words "in substance" in an instruction in an action of 'slander, were held to be objectionable by themselves without further qualification. We do not see, however, that this word substantially, as used in this instruction, should be held fatal. The jury are not required to find that the substance of the words was spoken, but that the very words charged, or enough of the exact words to substantially constitute the charge imputed, were spoken. The phraseology employed in the first instruction given for appellant is perhaps to be preferred, but the difference between them is, we think, verbal, and as qualified by the entire charge, we do not see that there was anything to mislead the jury in the first instruction. No specific objection has been urged here to the sixth instruction, *supra*, and the doctrine therein announced we think correct.

But one instruction asked by appellant was refused, and this was instruction number two. In addition to what has already been said in this behalf, we may add that it was properly refused, for the reason that it required the jury, if they did not find the words were spoken as said in the third clause of the petition, to find the issue for the appellant. The point is made by the appellant in the motion in arrest, that there are three different causes of action alleged in the petition, and that the verdict is objectionable as being general and the assessment of damages entire.

Where the petition contains more than one count for sep-- arate and distinct causes of action, the verdict should be on each count. *Brady v. Connelly*, 52 Mo. 19. But in actions for slander different sets of words spoken on different occasions, may be set forth in one count and be included in the same cause of action. If we disregard the first clause, which was in effect stricken out by the action of the court, the petition in the case before us, while it contains two different sets of words in the two clauses thereof, has but one count; has but one conclusion or prayer claiming damages, and contains, we think, but one cause of action. In this particular it falls within the rule heretofore laid down by this court in *Birch v. Benton*, 26 Mo. 157, and *Pennington v. Meeks*, 46 Mo. 217.

The remaining objection that the fourth instruction asked by plaintiff and refused by the court, was on the same sheet of paper with the first, second and third instructions given for plaintiff, and was taken by the jury with them and kept by them all the while they considered of their verdict, is not well taken, and if so, comes too late. In point of fact, the record does not show that said instruction was so taken and kept by the jury while they were considering of their verdict. All that appears on the record in that behalf, is found in appellant's motion for a new trial. Among the reasons assigned therefor, it is alleged that said fourth instruction was so taken and kept by the jury, but that allegation is not supported by any proof to that effect, or other statement in the record that such was the case, and for aught that appears the motion may have been overruled for that reason. Besides that, the record, after specifying what instructions were given and what refused, proceeds to state that " under instructions so given by the court, the jury found for the plaintiff, and assessed his damages at one cent." From this it is to be inferred in the absence of anything else in the record to the contrary, that the finding and verdict of the jury was alone under the instructions so given, and not under those re-

fused, or any one of them. In the case of *Grove v. City of Kansas*, 75 Mo. 677, 678, in a kindred question to this, it was held that " it is too late for the defendant to raise the objection for the first time in his motion for a new trial." In this case, as in that, it does not appear that any objection of this sort was made at the time of giving the instructions to the jury on their retirement, if the instruction in question was among them ; nor does it appear that the matter was in any way called to the attention of the trial court prior to the motion for a new trial. It was his right and duty at the time to see that none but proper instructions were carried by the jury to their room on their retirement for the consideration of their verdict, or show some excuse therefor.

Finding no error in the record, the judgment of the circuit court is, therefore, affirmed. All concur.