WILLIAM L. WOOD, Respondent, v. JACOB HILBISH, Appellant.

Kansas City Court of Appeals, November 22, 1886.

1. PLEADING—SLANDER — DENIAL OF CHARGE AND JUSTIFICATION NOT INCONSISTENT.—Under our code the defendant, in action for slander,

may, in his answer, deny the speaking of the words and justify; the denial and the justification are not inconsistent; proof of one does not disprove the other; the truth of the words spoken does not prove the speaking of the words, and this is the test of inconsistency. Bliss on Code Pleading, sect. 344.

2. Slander—Proof of Speaking the Words Charged, or Their Equivalent Requisite.—Where the speaking of the words charged is at issue under the pleadings, it devolves upon the plaintiff to prove the speaking of the words charged, or of such of them as contained the precise charge of slander averred. Proof of other words of substantially the same meaning as the words charged, is not sufficient.

3. —— Words not Actionable per se—Averment of Extrinsic Facts, When Necessary.—Where the words spoken are not actionable *per se;* and extrinsic facts make them such as to impute crime, it is necessary, by prefatory averments, to set out in the petition the extrinsic facts. It is not sufficient to make these facts appear by *innuendo*; for it is not the office of the *innuendo* to make averments, but to apply the words or explain their meaning.

4. —— Words Actionable per se—Proof of Malice not Necessary—Damages.— Where words spoken are actionable *per se*—slanderous of themselves—the law *implies* malice, and it is not necessary for the plaintiff to *prove* malice; and the plaintiff is entitled to recover as damages a fair and reasonable compensation for the injury naturally and probably done to him thereby, whether the defendant spoke the words with malice in fact or not. And, without proof of actual malice, the jury are at liberty to give the plaintiff such exemplary damages as they might believe it proper to impose as a punishment on the defendant.

Appeal from Daviess Circuit Court, Hon. C. H. S. Goodman, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action of slander. The petition was in three counts. The plaintiff dismissed as to the third count, and the jury found for the plaintiff on the first count only. The defamatory words charged in the first count of the petition to have been spoken of the plaintiff by the defendant, were: "I will not keep him (meaning the plaintiff), all summer, for I have to watch.

my pocket book too close. He (meaning the plaintiff), stole fifteen dollars from me at one time, and ten dollars at another," thereby intending to charge, and intending that those who heard him should understand him to charge, and those who heard him did understand him to charge, that plaintiff had been guilty of the crime of larceny.

The answer, after a general denial, contained the following: "And for further answer to said petition, and to each and every count thereof, this defendant pleads the following mitigating circumstances, and says:" (Here the answer, at much length, and with great detail. set out the facts following); that during a period of time prior to the alleged speaking of the slanderous words the plaintiff had been in the defendant's employment and had lived in defendant's house, sleeping in the same bed with him; that no one during such time had slept in the house other than the plaintiff and the defendant, and that the house had been protected at night by locked doors, etc.; that the plaintiff well knew that the defendant usually carried in the pocket of his pantaloons a pocket book containing from twenty to sixty dollars; that the defendant was in the habit of arising early and of making the fire in the cook stove in a room other than the room occupied by the plaintiff and defendant as a bed room, and that the defendant on such occasions left his pantaloons with his pocket-book in the bed room until his return, the plaintiff remaining in bed; that on three several occasions the defendant after returning to the bed room found that money was missing from the pocket-book, a five dollar bill gone on the first occasion, a twenty dollar bill on the second occasion, and on the third occasion a five dollar bill and a twenty dollar bill gone, and in place thereof a ten dollar gold certificate substituted.

The answer then continuing was in the following words: "That having the money so missing in his pocket-book prior to the time said sums were so missed

therefrom, there being no other person or persons present, or on the premises, who would or could so easily have taken the same as the plaintiff during the absence of the defendant from their said bedroom, this defendant, well knowing all these facts at and prior to the speaking of the defamatory words charged, and such facts and circumstances being such as would reasonably induce, in the mind of a person of ordinary intelligence and knowledge, a belief in the truth of the words alleged to have been spoken by defendant of and concerning the plaintiff, the defendant honestly believed that the plaintiff was guilty of taking his said money; and also at and prior to the time of the alleged speaking of the defamatory words charged, this defendant, in good faith, believed that the plaintiff was guilty of dishonestly obtaining the sum of money so missing; that by reason of the facts and circumstances hereinbefore set forth, the defendant, at the times alleged, was induced to and did believe in the truth of the charge that this plaintiff was guilty of the larceny of his said money, and was a dishonest person, and the defendant says that whatever he has said of or concerning the plaintiff was, at the time mentioned, uttered without malice, to those only to whom he at the same time communicated the facts, and who at the time understood him to refer solely to such facts defendant based his opinion on ; that whatever offensive words he used were spoken in the full belief of their truth and verity, and not from any motive of malice toward the plaintiff.''

The defendant was a witness in his own behalf, and testified, so far as it is material to say, as follows:

"I remember to have gone to Shafer's, as he testified. While there young Lyerly asked me, in Shafer's presence, if I was going to keep Wood all summer; told him no; that I had to watch my pocket-book too much; that I had missed money out of my pocket-book. I told them of the twenty dollar bill and the five dollar bill in my pocket-book the evening of the twenty-eighth

day of February; that Wood and I had slept together that night; that I had changed pants and left the book in pants' pockets up stairs; that the house was all securely fastened; that after breakfast I thought of the book and went and found the two bills missing and the gold certificate substituted. I told them there was no other person could have taken the money. Went to see J. P. Brooks about working for me, and he asked me why I should not keep plaintiff. I then told him I had to watch my pocket-book too much, and gave him all the facts and circumstances of my losses substantially as he stated them to the jury."

The court gave the following instructions for the plaintiff:

"1. The court instructs the jury that under the pleading and the evidence in this case it stands admitted that the defendant spoke the words recited in the first count in plaintiff's petition, of and concerning the plaintiff, and they must find a verdict upon such first count for the plaintiff and assess his damages in such sum as they deem proper, and if the words were maliciously spoken, as elsewhere defined, exemplary as well as compensatory so that the plaintiff shall be compensated for his wounded feelings, the injury to his character and an example set to others, not to exceed, however, the sum claimed in said count."

"3. The court further instructs the jury that, although they may believe from the evidence that the defendant undertook to detail what he claimed to be the circumstances of the loss of his money, yet before that can be considered as in mitigation, they must believe from the preponderance of the testimony that he really so lost such money. And if they should so believe that he detailed the circumstances for the purpose of convincing his hearers that plaintiff was guilty, and injuring nis character, then the detailing of such circumstances cannot be considered in mitigation."

"4. Unless the jury should find from a preponder-

ance of the testimony, that the defendant really lost the money claimed by him to have been lost in the manner described by him, they cannot consider any evidence touching such loss in mitigation of damages."

The court also instructed the jury for the plaintiff that the law presumed that the words charged in the petition, if spoken, were spoken maliciously, and that the law also presumed that the plaintiff was innocent of the crime imputed to him by said words.

CRITTENDEN, McDOUGAL & STILES, for the appellant.

I. The court erred in giving the *first* and *second* instructions on the part of the plaintiff, telling the jury that the *speaking of the words* charged was *admitted,* and that they must find for the plaintiff. The answer *denies* the speaking of the words and pleads facts in mitigation. These pleas are not inconsistent. *Nelson v. Brodhack*, 44 Mo. 596; *Peters v. Ulmer*, 74 Pa. St. 402; Townshend on Slander, sect. 353; *McAdow v. Ross*, 53 Mo. 199; Bliss on Code Plead., sect. 392.

II. The answer denies the speaking of *all* the words; the defendant, in his evidence, does not admit the speaking of the only actionable words charged. In the justification the plea must be as broad as the charge; and where the speaking is denied, the words charged must be proved as alleged. Bliss on Code Plead., sect. 361; *Christal v. Craig*, 80 Mo. 367. And when any of the words are omitted in the proof, the omission is fatal, *unless* those proved were words containing the precise charge averred. *Lewis v. McDaniel*, 82 Mo. 577.

III. The court erred in *assuming* that the words charged were spoken; that they were spoken with *malice*, and instructing the jury upon that theory. In mitigation the defendant may set up the facts and circumstances, and allege and show his good faith in the belief that these facts and circumstances make out the

offence charged. Bliss on Code Plead., sect. 360; *Spooner v. Keeler*, 51 N. Y. 527; *Hall v. Adkins*, 59 Mo. 144. It was solely the province of the jury to say what the facts proven were, and the court erred in taking the questions involved from the jury.

IV. The court erred in permitting a witness to testify as to *what he understood* from what defendant said. The meaning of defamatory words. is to be determined by *the jury*, and evidence is not admissible to show in what sense a *witness* understood them. *Vanvechten v. Hopkins*, 5 Johns. (N. Y.) 211; *Snell v. Snow*, 13 Met. (Mass.) 278; *Rangler v. Hunewell*, 37 Pa. St. 130; *Briggs v. Byrd*, 11 Iredell, 353. In no case can the slanderous sense of the words spoken be determined by the understanding of the hearers where the language is plain and direct; it can only be allowed where the language is *ambiguous*. *Jernigan v. Fleming*, 43 Miss. 710; *McLaughlin v. Russell*, 17 Ohio, 475.

V. The court's direction to the jury that they *must* find exemplary damages, if they found that the words were maliciously spoken, was erroneous. Such damages cannot be claimed as a matter of right. Whether they shall be allowed or not, and their amount, are to be left to the discretion of the jury. 1 Sutherland on Damages, 742; *Snow v. Carpenter*, 49 Vt. 426; *Johnson v. Smith*, 64 Maine, 553.

VI. The court erred in instructing the jury that unless they found that defendant really lost the money "in the manner described," they could not consider any evidence in mitigation of damages.

Rush & Alexander, for the respondent.

I. The *admissions* in the answer, and the *testimony* of defendant clearly justified the giving of the *first and second* instructions. It would have been an idle ceremony to have submitted to the jury as an issue, facts admitted by the pleadings and proof.

II. The words alleged by plaintiff to have been

spoken by the defendant, of and concerning him, as set out in the *first* count of the petition, being actionable *per se*, no proof of malice was necessary. The law· implies it. *Hall v. Adkins*, 59 Mo. 144 ; *Weaver v. Hendrix*, 30 Mo. 502.

III.    Where the defendant relies upon the *truth* of the defamatory matter as a defence, it must be pleaded in justification. The defendant did not attempt to justify by·alleging or attempting to prove the truth of the defamatory matter. Bliss on Code Plead., sect. 361 ; *Wachter v. Querzer*, 29 N. Y. 547.

IV.    The error, if any, in permitting the witness to testify as to h's understanding, was harmless, and did not prejudice defendant, as he does not claim that he was misunderstood. The meaning was unambiguous, and it would have been nonsense to have submitted to the jury the issue, whether or not, by the defamatory words, the defendant intended to charge plaintiff with larceny. 2 Starkie on Slander, 106. The evidence was admissible. *McLauhglin v. Russell*, 17 Ohio, 475 ; 3 Greenl. on Evid. (5 Ed.) sect. 417 ; Starkie on Evid., point 4, page 861.

V.    The instruction as to exemplary damages does not tell the jury that exemplary damages *must* be awarded, but only to assess the plaintiff's damages in such sum as they *deemed proper*, and the verdict shows that the jury so understood it ; and if the plaintiff was entitled to recover at all, the amount awarded him as damages is too small to support the inference that the jury applied the doctrine of smart money with much vigor, if at all.

VI.    The loss of the money, and the manner of its loss made up the gist of defendant's mitigation. If defendant lost the money, and in the manner claimed by him, *and in good faith believed* plaintiff guilty of the larceny, then he was entitled to have the jury consider these facts in mitigation, and not otherwise ; and the in-

struction complained of cannot be understood as meaning other than this.

VII. No point is made, or error assigned, as to the giving or refusal of instructions on behalf of defendant. As taken in connection with those given on behalf of plaintiff, they presented the issues fairly to the jury.

HALL, J.—Under the pleadings the speaking of the words by the defendant did not stand admitted.

Under our code the defendant in an action for slander may in his answer deny the speaking of the words and justify; the denial and the justification are not inconsistent. Proof of one does not disprove the other; proving the truth of the words spoken does not prove the speaking of the words; and this is the test of inconsistency. Bliss on Code Pleading, sect. 344, and notes; *Nelson v. Brodhack*, 44 Mo. 596; *McAdow v. Ross*, 53 Mo. 199.

Applying the test to the answer in this case we do not find any inconsistency between the denial and the facts pleaded in mitigation; proof of such facts would not necessarily prove the speaking of the words charged in the petition, the speaking of the words not having been admitted by the answer was in issue.

In the language of the first instruction given for plaintiff did it stand admitted under the evidence that "the defendant spoke the words recited in the first count in plaintiff's petition?"

The only words charged in the petition, which it can with any reason be contended that the defendant admitted in his testimony he spoke, are, "I will not keep him (meaning the plaintiff) all summer for I have to watch my pocketbook too close." Conceding, for the purposes of this opinion only, that the defendant did admit that he spoke such words, what was the effect of such admission?

The petition charged the defendant with speaking of the plaintiff not only the words just referred to, but

also the following words, "he stole fifteen dollars from me at one time and ten dollars at another." The speaking of the words being at issue under the pleadings, it devolved upon the plaintiff to prove the speaking of the words charged, or of such of them as contained the precise charge of slander averred. Proof of other words of substantially the same meaning as the words charged was not sufficient. *Christal v. Craig*, 80 Mo. 374; *Berry v. Dryden*, 7 Mo. 324; *Birch v. Benton*, 26 Mo. 154; *Lewis v. MacDaniel*, 82 Mo. 582; *Bunington v. Meeks*, 46 Mo. 220.

It was necessary that an admission made by the defendant of the speaking of any of the words charged should have been as broad and comprehensive as the proof required of the plaintiff, in order for the admission to relieve the plaintiff of such proof. Unless the admission was of the speaking of such of the identical words charged in the petition as of themselves constituted the slanderous charge the admission was not an admission of the speaking of the words charged in the petition, and did not relieve the plaintiff of the burden of proving the speaking of such words.

The words which the defendant admitted he spoke were not actionable *per se;* they did not of themselves standing alone impute the crime of larceny to the plaintiff. *Christal v. Craig, supra.* If extrinsic facts caused those words to so impute such crime they were actionable *per se;* but in such case it was necessary by prefatory averments to set out in the petition the extrinsic facts. It was not sufficient to make those facts appear by the innuendo, "for it is not the office of the innuendo to make averments, but to apply the words or explain their meaning." And had such extrinsic facts been averred in the petition it would have been necessary for the plaintiff to prove them. *Id.; Legg v. Dunleavy, supra*, and cases cited. The petition, had it alleged the speaking of only the words admitted by the defendant, would have been bad, because it contained no averments

of the extrinsic facts necessary to make those words impute the crime of larceny to the plaintiff. The allegation in the petition that the defendant spoke such words was surplusage and amounted to nothing. The admission by the defendant that he spoke such words also amounted to nothing. Such admission did not relieve the plaintiff of the burden of proving the speaking of the other words charged in the petition, the only words which were actionable *per se.*

Plaintiff's right to recover rested upon the speaking by the defendant of him of the words, "he stole fifteen dollars from me at one time and ten dollars at another." Those words of themselves imputed the crime of larceny to the plaintiff. It devolved upon the plaintiff to prove that the defendant spoke such of those identical words as constituted a charge of larceny against the plaintiff. The defendant did not admit the speaking of any of those words in the answer or in his testimony. It was error for the court to instruct the jury that the speaking of those words was admitted under the pleading and evidence; and this error was not harmless, for the reason that the defendant did admit that he spoke the other words charged in the first count of the petition, because those other words did not impute the crime of larceny to the plaintiff.

The words laid in the first count of the petition, which we have said were actionable *per se*, were slanderous of themselves; and, if they were spoken as charged, the law implied malice; it was not necessary for the plaintiff to prove malice. *Hall v. Adkins,* 59 Mo. 148; *Pennington v. Meeks,* 46 Mo. 220. The court properly so held, and properly refused to instruct the jury that unless they found from the evidence that the words were spoken maliciously they should find for the defendant.

If the slanderous words were spoken by the defendant, the plaintiff was entitled to recover as damages a fair and reasonable compensation for the injury naturally and probably done to him thereby, whether the

defendant spoke the words with malice in fact or not. *Pennington v. Meeks, supra ; Lanius v. Druggist Ac. Co.*, 20 Mo. App. 12 ; *Weaver v. Hendrick*, 30 Mo. 502 ; *Buckley v. Knapp,* 48 Mo. 162 ; *Birchard v. Booth*, 4 Wis. 95 ; *Klinck v. Colley*, 46 N. Y. 438.

And, without proof of actual malice, the jury were at liberty to give the plaintiff such exemplary damages as they might have believed it proper for them under all the circumstances of the case to impose as a punishment upon the defendant.   *Id.*

The first instruction given for the plaintiff seems open to the verbal criticism, that by it the jury were told that if they found for the plaintiff they must find exemplary damages.   The instructions should, upon a new trial, make it clear to the jury that they may or may not find exemplary damages as they may think right under all the circumstances of the case.

The court gave the defendant more than the law, when it instructed the jury, that, unless they found that the defendant spoke the words maliciously, they should find for the plaintiff *only nominal* damages.

The counsel for the defendant contend that, if the facts specially pleaded by the defendant are true, the plaintiff ought to recover nothing in this case.   The contention is based upon the idea that those facts constitute not mere mitigation but justification.   *Hall v. Adkins (supra)* and *Pasley v. Kemp* (22 Mo. 407), are cited in support of such contention.

In each of those cases slanderous words were spoken by the defendant, of the plaintiff, charging the latter with larceny, and the facts upon which such charge was made were stated at the time the words were spoken, and those facts showed that the charge was not true. In those cases it was held, if the defendant honestly believed that the facts and circumstances attending the taking of the property constituted larceny, and so believing and without malice he spoke the words charged only to those to whom he communicated the facts con-

stituting in his opinion the crime charged and upon which he based the same, that then the plaintiff could not recover, because the defendant had sent an antidote along with the poison and had shown a mistaken view of the law rather than a malicious purpose.

Those cases are based upon the facts narrated by the defendant at the time he spoke the slanderous words and in connection therewith showed that the plaintiff was not guilty of the crime charged. Those cases do not support the contention made for the defendant here, because the facts pleaded by the defendant, if true, tended to show that the plaintiff was guilty of the crime charged. For the very reason that the facts in the cases cited constituted justification, the facts pleaded by the defendant in this case do not constitute justification. The facts in those cases were an antidote for the poison of the slander; the facts in this case give an additional strength to the poison of the slander. The use of the word preponderance in an instruction has been criticised by the supreme court of this state, and has been held to be reversible error by this court in one case where the circumstances were peculiar. *Carson v. Porter*, 22 Mo. App. 185. It would be well upon a a new trial for the court not to use such word in its instructions.

Except for the use of the word "preponderance" in the fourth instruction given for the plaintiff we perceive no error in that instruction. Having pleaded the facts which he claimed mitigated his wrong, the defendant was bound by the facts thus pleaded. He was entitled to no benefit from any other mitigating facts. If the facts as pleaded were true, if the defendant lost his money under the circumstances stated, if he was induced thereby to believe and in good faith did believe that the plaintiff stole his money, and if he so stated without actual or express malice, he was entitled to have the jury consider all those facts in mitigation, in determining whether they ought to give any, and, if any, what exemplary damages. But

if the defendant did not lose his money at all, or if he did lose his money, but not substantially in the manner and under the circumstances pleaded, he was not entitled to have the jury consider any facts in mitigation. He was not entitled to have the jury consider the facts pleaded, because they were not true, and not other and different facts because they were not the facts pleaded. Besides, the least punishment that should be imposed upon the defendant for pleading facts as true, that were not true, which, if true, had a tendency to establish the plaintiff's guilt of the crime imputed by the slanderous words, is that no facts should be considered in mitigation of his wrong.

The same may be said in relation to the third instruction given for the plaintiff. And as to that instruction we may add that although the facts pleaded might have been true, and although the defendant might have believed in good faith that the plaintiff stole his money, still, if the defendant spoke the words charged for the purpose of injuring the plaintiff, the defendant was not entitled to have those facts or his belief based thereon considered in mitigation.

The court instructed the jury that the law presumed the plaintiff was innocent of the crime imputed to him by the words charged in the petition. Objection is made here to that instruction. Not only was the instruction proper, but under the pleadings the innocence of the plaintiff was not in issue. Bliss on Code Pleading, sect. 361.

In conclusion we may add this. It may be, and doubtless is true that the jury under the evidence would have found that the defendant spoke the words charged in the petition. But the speaking of the words was an issue of fact, and upon that issue the defendant was entitled to the opinion of the jury.

For the error indicated the judgment is reversed and the cause remanded. Ellison, J., concurs; Philips, P. J., not sitting.