GEORGE F. CASEY, Respondent, v. STEPHEN AUBUCHON, Appellant.

St. Louis Court of Appeals, March 8, 1887.

1. SLANDER—CIVIL ACTION—PLEADING.—A petition which charges that the defendant said of, and concerning, the plaintiff, the following : enumerating several sentences, each of which imputes to the plaintiff the crime of larceny, contains but one count.

2. ——— SUFFICIENCY OF PROOF.—Under a complaint charging that the words spoken impute to the plaintiff the crime of larceny, the speaking of all the words charged need not be proved, but only so much of the exact words charged as impute to the plaintiff the crime.

APPEAL from the Jefferson County Circuit Court, JOHN L. THOMAS, Judge.

*Affirmed.*

WILLIAMS & GREEN, for the appellant : An instruction which authorizes the jury to find for the plaintiff, in an action of slander, upon evidence of words spoken which are not actionable, is erroneous. Townshend, Slander, ( 3 Ed.) sect. 157 ; *Franz v. Hilderbrand*, 45 Mo. 121.

DINNING & BYRNES, for the respondent : The petition embraces one cause of action. *Lewis v. McDaniel*, 82 Mo. 577 ; *Burch v. Benton*, 26 Mo. 161 ; *Pennington*

*v. Meeks,* 46 Mo. 217; *Mix v. McCoy,* 22 Mo. App. 488. The instructions given by the court properly declared the law applicable to this case. *Hall v. Adkins,* 59 Mo. 141; *Price v. Whitely,* 50 Mo. 439; *Hudson v. Garner,* 22 Mo. 423; *Weaver v. Hendrick,* 30 Mo. 502; *Buckley v. Knapp,* 48 Mo. 152.

ROMBAUER, J., delivered the opinion of the court.

This is an action of slander which resulted in a judgment for the plaintiff for five hundred dollars.

The petition, omitting caption and signature, is as follows:

"The plaintiff states that the defendant on the —— day of August, 1885, in the city of De Soto, in the county of Jefferson, and state of Missouri, in the presence and hearing of a great number of persons, spoke of and concerning the plaintiff the following false and slanderous words, to-wit: 'Casey stole five dollars out of the drawer,' 'Casey stole five dollars out of my drawer,' 'Casey has done me a dirty trick; I left him in my store, and when I came back the drawer was short five dollars,' meaning this plaintiff, and being so understood by those who heard him, and charging him with the crime of larceny, whereby this plaintiff has been damaged in the sum of ten thousand dollars, and for which he asks judgment."

The defendant's answer is a general denial.

On the trial there was evidence tending to show that the defendant did say of and concerning the plaintiff, "Casey stole five dollars out of my drawer," and also that he said, "Casey has done me a dirty trick; I left him in my store, and when I came back the drawer was short five dollars," but there was no evidence of the speaking of the words, "Casey stole five dollars out of the drawer." The court thereupon, of its own motion, instructed the jury as follows:

"If you believe and find from the evidence in this cause that the defendant, within two years prior to the

nineteenth day of August, 1885, spoke of and concerning the plaintiff, in the presence and hearing of one or more persons, the following words: 'Casey stole five dollars out of the drawer,' 'Casey has done me a dirty trick; I left him in my store, and when I came back the drawer was short five dollars,' 'Casey stole five dollars out of my drawer,' or that he spoke, in the presence of any one or more persons, of the plaintiff, enough of the exact words set out above to constitute the charge of the crime of larceny against the said plaintiff, then you will find the issues for the plaintiff and assess his damages at a, sum not exceeding ten thousand dollars.''

"If you believe from the evidence that the defendant spoke the slanderous words as charged in the petition, or enough of the exact words charged to constitute the crime of larceny against the plaintiff, then the law presumes they were spoken maliciously, and it is not necessary to prove express malice in order to warrant a verdict for the plaintiff, and if you find the issues for the plaintiff you are not confined to the actual damages the plaintiff may have sustained, but in addition thereto you may allow exemplary damages. It is incumbent on the plaintiff to prove his case by a preponderance of evidence, and unless the jury so find, you should find the issues for the defendant.''

The court also gave, at the request of the defendant, the usual instruction as to the credibility of witnesses, which was the only instruction asked by the defendant.

The defendant complains, on this appeal, that the instructions given by the court were erroneous, because there was no evidence of the speaking of the words, "Casey stole five dollars out of the drawer," and because the words "Casey has done me a dirty trick; I left him in my store, and when I came back the drawer was short five dollars," do not necessarily impute to the plaintiff the crime of larceny.

This complaint is not just. It is not necessary that all the words charged to have been spoken should be proved; it is sufficient if enough are proved to constitute the offence charged. In this case the offence, claimed to have been imputed to the plaintiff by the words spoken, was larceny, and that offence is as fully charged by the words, "Casey stole five dollars *out of my drawer*," as by the words "*out of the drawer.*" In fact the difference between the two sentences, in a legal sense, is inappreciable.

Nor is the complaint just, that the words, "Casey has done me a dirty trick; I left him in my store, and when I came back the drawer was short five dollars," should not have been submitted to the jury at all, as not imputing the crime of larceny to the plaintiff. No separate recovery is sought on account of these words, as the petition contains only one count. The words are capable of the interpretation of imputing the crime, and the jury could not, under the instructions of the court, find for the plaintiff, unless they found that enough of the exact words set out in the three sentences were used to charge the plaintiff with the crime of larceny. The instructions were carefully drawn, and so framed as to comply with former rulings of the supreme court in similar actions. *Pennington v. Meeks*, 46 Mo. 217, 219; *Price v. Whitely*, 50 Mo. 439, 441; *Lewis v. McDaniel*, 82 Mo. 577, 585.

All the judges concurring, the judgment is affirmed.