JOHN B. BALDWIN, Respondent, v. J. F. FRIES, Appellant.

Kansas City Court of Appeals, June 8, 1891.

1. **Slander:** WORDS CHARGED V. WORDS PROVED: RULE: INSTRUCTION. The rule is, that the slander proved must substantially correspond with that charged in the petition. The words that contain the poison to the character and impute the crime must be proved as laid; and an instruction requiring the jury to believe from the evidence that the defendant spoke the words charged in the petition, "or enough of said words to constitute the charge that plaintiff was a thief," etc., is proper enough.

Baldwin v. Fries.

2. ———— : PUNITIVE DAMAGES : CONSTITUTION : INSTRUCTION. An instruction telling the jury that it might not only allow actual damages, but also such damages as will afford a wholesome example to others in like cases in the way of smart money or exemplary damages, etc., does not conflict with the constitutional provision that all penalties and forfeitures shall go into the school fund.

3. ———— : ———— : CRIMINAL PROCEEDING : TWICE IN JEOPARDY : INSTRUCTION. In an action for slander an instruction authorizing punitive damages is not in conflict with the common-law maxim, *Nemo debet bis vexari pro eadem causa*, embodied in our bill of rights, to the effect that no one shall be twice in jeopardy of life or limb, by reason of the fact that defendant may be, or has been, criminally prosecuted for the same slander.

4. **Damages :** PUNITORY OR EXEMPLARY : CRIMINAL PROSECUTION : MITIGATION. Damages allowed in a civil case by way of punishment have no necessary relation to the penalty incurred for the wrong to the public, but are called punitive by way of distinction from pecuniary damages to characterize them as a punishment for the wrong done the individual; and, in a civil suit to recover such damages, the fact that a penalty for the act has been inflicted in a criminal prosecution can in no way influence the damages in the civil action; though in such criminal prosecution the jury, in assessing the punishment, would be influenced by the fact that the party wronged had recovered vindictive damages for the same injury, and the verdict in the civil case can be introduced for the purpose of such mitigation.

5. **Slander :** EXEMPLARY DAMAGES : MALICE : INSTRUCTIONS. An instruction, that if the jury believe that the defendant spoke the slanderous words charged in the petition, or enough of them to constitute the charge, that plaintiff was a thief, the law presumed malice in the speaking, and the jury without proof of malice or special damages were at liberty to give exemplary damages, is approved.

6. ———— : PLEADING JUSTIFICATION : MITIGATION : EVIDENCE. Where neither justification nor mitigation is pleaded, evidence of mitigating circumstances is inadmissible.

7. ———— : WORDS NOT CHARGED : REFUSED INSTRUCTION : HARMLESS ERROR. The refusal of an instruction that plaintiff could not recover on account of words shown in evidence, and not charged in the petition, is error; but in this case it is harmless error by reason of other evidence.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

VOL. 46—19.

AFFIRMED.

*Crow & Robinson* and. *Harding & Buller*, for appellant.

( 1 )· The court erred in giving the first instruction asked by plaintiff. The instruction was misleading. Proof of words of similar import amounting to the same thing is not sufficient, and though the phrase, "enough of said words to constitute the charge," is used, that is more than neutralized by the instruction telling them that they should consider all of the conversation and the facts and circumstances detailed in evidence. *Birch v. Benton*, 26 Mo. 153; *Atteberry v. Powell*, 29 Mo. 429. And the explanatory instructions given for defendant do not cure the error. *Jones v. Tolbert*, 4 Mo. 279. ( 2 ) In view of the mass of evidence tending to show that the conversation was to the effect that the Baldwins were stealing the corn, and that John Baldwin was stealing the corn to get boot on a horse swap, the court should have given defendant's instruction excluding such evidence. It was clearly incompetent. *Birch v. Benton, supra.* But, instead of excluding it, the court invited the attention of the jury to it, and told them to consider all of it. ( 3 ) The instructions to the jury to give exemplary damages by way of punishment as a wholesome example to deter others was wrong, as being in conflict with the constitution, which provides that the proceeds of all penalties and forfeitures should go to the school fund. Const., art. 11, sec. 8; *Railroad v. State*, 22 Kan. 1; R. S., sec. 1590; *Lynch v. St. Economy*, 27 Wis. 69. ( 4 ) That instruction was also erroneous in this, that it told the jury that they must give exemplary damages if they believed the defendant spoke the words alleged, unless just cause or excuse for speaking them had been shown, and that in this case no just cause or excuse had been shown. ( 5 ) If the question of malice was in issue then this instruction was erroneous in this,

that it took the determination of that question away from the jury, and told them that, if the slanderous words were spoken, they were spoken maliciously, unless the evidence showed that the defendant had given good cause or excuse, and that no excuse had been shown, and, therefore, they must make an example of the defendant by mulcting him in vindictive damages. As to whether the words were spoken with a malicious intent and mischievous effect, the jurors must be the judges. *Church v. Bridgman*, 6 Mo. 192. And if there is the least particle of evidence, whether direct or inferential, however slight it may be, the jury should be permitted to pass upon it. *Morse v. Maddox*, 19 Mo. 451 ; *Houghtaling v. Ball*, 19 Mo. 84; *Emeron v. Sturgeon*, 18 Mo. 170 ; *Rippey v. Forede*, 26 Mo. 523 ; *McFarland v. Bellows*, 46 Mo. 311 ; *Benton v. Klein*, 42 Mo. 97 ; *Owens v. Rector*, 44 Mo. 389. And in slander cases the jurors are peculiarly the judges both of the law and facts. Const., art. 11, secs. 7, 14. And confidential communications made in domestic intercourse are not slander, unless express malice is shown. 2 Greenl. Ev., sec. 421, note 2 on p. 417, and cases cited.

*J. R. Shields*, for respondent.

(1) The evidence under the instructions of the court fully justified and sustained the verdict of the jury. This being a slander suit based on the charge by the defendant that the plaintiff was a thief, and that he was guilty of stealing corn from the pen of James McCall, made the offense charged in the petition actionable *per se*, and no allegations of special damages were necessary. *Goetz v. Ambs*, 27 Mo. 28 ; *Fairdenheit v. Edmunson*, 36 Mo. 226 ; *Buckley v. Knapp*, 48 Mo. 152 ; *Boogher v. Knapp*, 76 Mo. 457 ; *Noeninger v. Vogt*, 88 Mo. 589 ; *Lewis v. McDaniel*, 82 Mo. 577 ; *Mix v. McCoy*, 22 Mo. App. 488. (2) All the instructions given by the court declared the law in this case, and the

principles announced by them are fully supported by the authorities, *supra.* ( 3 ) The law in this state has never been otherwise than to allow exemplary damages in such cases. *Johnson v. Dispatch Co.,* 2 Mo. App. 565, and authorities, *supra.* ( 4 ) On the proof of words actionable in themselves having been spoken, malice is presumed, and does not have to be proven. *State v. Boogher,* 8 Mo. App. 600; *Wood v. Hilbish,* 23 Mo. App. 389, and cases cited, *supra.* ( 5 ) It is not necessary that all of the slanderous words charged in the petition be proven to have been spoken by the defendant. It is sufficient if enough of said words therein charged to constitute the allegation, "that the plaintiff was a thief; that plaintiff had stolen corn out of the pen of James McCall," were spoken by the defendant as alleged in the petition. *Lewis v. McDaniel,* 82 Mo. 577; *Noeninger v. Vogt,* 88 Mo. 589.

SMITH, P. J.—This is an action of slander. The slanderous words, alleged in the petition to have been spoken by the defendant, are, " he ( meaning plaintiff stole corn out of the pen of James McCall." "He ( meaning plaintiff ) is a thief." The answer was a general denial. The plaintiff had judgment, and defendant appealed.

I. The defendant complains of the action of the court in giving so much of the plaintiff's instruction as told the jury that, if it believed from the evidence that the defendant spoke the words charged in the petition, "*or enough of said words to constitute the charge that the plaintiff was a thief,*" etc., the verdict should be for plaintiff. The rule is that the slander proved must substantially correspond with that charged in the petition. By this it is not to be understood that, if certain words are employed to convey a slanderous imputation, these words will support a charge containing the same imputation in different words. The meaning of the rule seems to be that, if the words of the charge are proved,

but with the omission or addition of others not all vary-
ing or affecting their sense, the variance will not be
regarded. Although the words proved are equivalent
to the words charged in the petition, yet, not being the
same in substance, an action cannot be maintained ; and,
although the same idea is conveyed in the words charged
and proved, yet not substantially the same words,
though they contain the same charge, but in different
phraseology, the plaintiff is not entitled to recover.
The words that contain the poison to the character, and
impute the crime, must be proved as laid. *Casey v.
Aubuchon,* 25 Mo. App. 91 ; *Berry v. Dryden,* 7 Mo. App.
322 ; *Birch v. Benton,* 26 Mo. 153 ; *Atteberry v. Powell,*
29 Mo. 429 ; *Noeninger v. Vogt,* 88 Mo. 589 ; *Lewis v.
McDaniel,* 82 Mo. 577. The instruction in question,
declaring that the jury must find that defendant spoke
the exact words charged in the petition, or enough of
such words as to constitute the charge that plaintiff was
a thief, seems to be no invasion of the rule just stated.
The plain meaning of this, as we take it, is that the
defendant must be found to have given utterance to
the words containing the poison as charged in the peti-
tion. It is not required to be found that all of such
words were employed. but enough of them to consti-
tute the imputed crime.

II. The defendant's further complaint is, that plain-
tiff's second instruction, which informed the jury that
if it found for the plaintiff that it might not only allow
actual damages, but, " also, such damages as will afford
a wholesome example to others in like cases in the way
of smart money or exemplary damages, not to exceed
$5.000 in all, provided the jury further believes from the
evidence that the charge was made and words spoken by
defendant of plaintiff knowingly, without just cause or
excuse, and in this case no just cause or excuse has been
shown," conflicts with the constitution of this state in
two particulars: *First.* Because the common law,
authorizing punitory damages, is repealed by section 8,

article 11, and, *second*, that inasmuch as the statute of this state, Revised Statutes, 1879, section 1590, declares it to be a misdemeanor, punishable by imprisonment or fine or by both, for any person to falsely and maliciously accuse another of any felony, the commission of which would subject him to disfranchisement and other degrading penalties, that the allowance of punitive damages in this case was violative of the principle contained in the twenty-third section of our "Bill of Rights." As to the first of the objections, it is perhaps sufficient to remark, that the constitutional provision therein referred to has no application to a case of this kind. The penalties and forfeitures therein mentioned are only those accruing to the public. *Scott v. Railroad*, 38 Mo. App. 523 ; *Barnett v. Railroad*, 68 Mo. 57. And as to the second ground of defendant's objection, it may be perhaps conceded, that the principle of the common law, *nemo debet bis vexari pro eadem causa*, is embodied in our state constitution to the extent that no one shall be put twice in jeopardy of life or liberty. But it is not perceived that the principle of this constitutional prohibition as limited by its very terms has the slightest application to a case of this nature. If, in a prosecution under the statute for a criminal slander, the accused should be found guilty and sentenced to pay a fine as a part of his punishment, could he, in a civil action against him for the same slander, plead the judgment in the criminal case as a bar to the recovery of punitory damages? Would such a case fall within the constitutional principle forbidding any one to be put twice in jeopardy of life or liberty ? Certainly no one would seriously contend that this would be so. Vindictive or punitory damages may be given when the elements of malice, violence, oppression or wanton recklessness mingle in the controversy. *Kennedy v. Railroad*, 36 Mo. 361 ; *McKean v. Railroad*, 42 Mo. 79 ; *Green v. Craig*, 47 Mo. 90 ; *Stoneseifer v. Sheble*, 31 Mo. 243 ; *Goetz v. Ambs*, 27 Mo. 28.

In Massachusetts, Indiana and, perhaps, in other states, the rule does not apply in cases when the act is punishable by the criminal laws of the state. *Austin v. Wilson*, 4 Cush. 273 ; *Tabor v. Hutson*, 5 Ind. 322. In New York it has been held that punitive damages are given as a punishment, and may be given whether the act is criminally punishable or not. The defendant in the criminal case may procure a suspension of the judgment until the civil case is tried, and then avail himself of the verdict in the civil case by way of mitigation of the penalty in the criminal case. *Cook v. Ellis*, 6 Hill, 466. In *Corwin v. Walton*, 18 Mo. 72, it was held that, "in assessing the punishment the courts would regard the fact that the person injured had recovered exemplary damages for the wrong done, and so the jury, who by statute have succeeded to the power of the courts in assessing the punishment after a conviction, would be influenced by the fact that the party wronged had recovered vindictive damages for the same injury. It would appear, then, that the damages of the party aggrieved, in his action for the wrong done him, were not liable to be affected by anything done in the public prosecution. The punishment inflicted may be affected by the verdict in the civil action, *but the damages to be recovered in the private suit are wholly uninfluenced by anything that may have transpired in the prosecution carried on by the state.*" *Cole v. Tucker*, 6 Texas, 266 ; *Wilson v. Middleton*, 2 Cal. 54. It is stated in the very able and elaborate opinion of Mr. Justice COLE, in *Hendrickson v. Cole*, 21 Iowa, 379, that the clear weight of authority is with the rule as laid down in *Chetis v. Drake*, 2 Metc. ( Ky.) 146, in substance, that the damages allowed in a civil case by way of punishment have no necessary relation to the penalty incurred for the wrong to the public ;but are called punitive damages by way of distinction from pecuniary damages, and to characterize them as a

punishment for the wrong done the individual. In this view the awarding of punitive damages can, in no just sense, be said to be in conflict with the constitutional or common-law inhibition against inflicting two punishments for the same criminal act. While the rulings of the courts are not entirely uniform in respect to the application of the rule allowing punitive damages for an act which is made punishable by statute, it seems to have been long settled in this state that, in a civil suit to recover such damages, the fact that a penalty for the act has been inflicted in a criminal prosecution can in no way influence the damages in the civil action. As such damages are for the wrong done to the individual, and have no relation to the wrongs done to the public, the objection of the defendant to the instruction, the substance of which was stated in the first part of this paragraph, cannot be sustained.

Nor was this instruction erroneous in declaring that, if the jury believed the defendant spoke the slanderous words charged in the petition, or enough of them to constitute the charge that plaintiff was a thief, that the law presumed malice, and that they were spoken maliciously, and that it was not necessary to prove express malice or special damages, etc. It is not necessary to prove malice when words are actionable *per se,* as is the case here. The words being slanderous of themselves, the law implied malice. *Wood v. Hilbish,* 23 Mo. App. 389; *Hill v. Adkins,* 59 Mo. 148; *Pennington v. Meeks,* 46 Mo. 220. And, without proof of actual malice, the jury were at liberty to give plaintiff such exemplary damages as they believed it proper for them, under all the circumstances. *Wood v. Hilbish, supra ; Pennington v. Meeks, supra ; Lanniers v. Pub. Co.,* 20 Mo. App. 12; *Weaver v. Hendrick,* 30 Mo. 502; *Buckley v. Knapp,* 48 Mo. 162.

IV. There was neither justification nor mitigation pleaded. Mitigating circumstances, under the statute, section 3553, may be pleaded and are admissible in

evidence to reduce the amount of the damages, but not to defeat the action. There being neither justification nor mitigation pleaded, evidence of mitigating circumstances was inadmissible. *Coe v. Reggs,* 76 Mo. 619; *Trimble v. Foster,* 87 Mo. 49. An instruction based upon this defense would have been improper.

V. The defendant further complains of the action of the court in refusing the third instruction asked by him, which told the jury that if they believed, from the evidence, that defendant said, in the presence of others, that the Baldwins were stealing corn, or that John Baldwin was taking his corn to get even in a horse swap, that, these words not having been charged in plaintiff's petition, he cannot recover on account of the speaking of them. This instruction should have been given, but, as there was other evidence before the jury to justify their finding that the words charged in the petition were spoken, we cannot discover that the refusal to give it was harmful to the defendant, or affords any ground for reversal.

The judgment must be affirmed. All concur.